## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

SHAILENDRA BASNET, KRISTY BELL,
DEBORAH BEREST, DANIEL BERGMAN,
WILLIAM DALLAS BUNDRANT, JR., ROCKY
H. BURROWS, II, CHASE CARTER, BRENDA
CASAREZ, MICHAEL CASTRO, KARA
CERVANTES, THOMAS CISLO, DAVID
DANIELS, ADAM DOYLE, DARREN EEN,
TOBY EICHER, WALTER FABIAN, HAROLD
JOSEPH FISHER, CHRISTINA FLEEMAN,
LUKE FORSLUND, SALUSTIANO FRAGOSO,
REHANNON GONZALES, KRISTEN GRADO,
COURTNEY GUERRA, DARRIN HAMILTON,
SHANE HERRON, ALEXANDER HOWELL,
DANIELLE IRVIN, ALLEN JACOBS, ERIN
JOHNSON, ALEX JONES, DONALD LUKE
KEENAN, DANIEL KUHLER, SIMON LUCERO,
RAPHAEL MAHAIM, NATHAN MAPLESDEN,
CINDY D. MAXWELL, JENNIFER MAZZANTI,
BETHANY MCCANDLESS, WILLIAM J.
MCCONNELL, RON MCDEARMID, DAN
MEEHAN, KEVIN NAPP, JAMES O'CONNOR,
KATHY ONSUREZ-WILSON, ERIC PARKER,
JASON PERRY, AMANDA PETERSEN, BRENT
PLACE, JIMMY RONALD PRIMM, JR., PHILIP
QUBAIN, PAUL RATIGAN, JOSEPH ROOT,
DARON RUCKMAN, FREDERIC RUEBUSH,
JENNIFER SALAVERRY, PAUL SERINO,
CHRISTIAN SPEAKMAN, IAN STEPHENS,
DANIEL ST. PETERS, USVALDO R. TRUJILLO,
PAUL VACULA, JENNIFER VALDEZ, GRACIELA
VILLALOBOS, ERIC VOGT, GREG WALSH,
TYLER WILKINS, VIRGINIA WILLIAMS,
TERRY ZACHARIAS and MICHAEL ZULASKI,
on behalf of themselves and all others
similarly situated,

        Plaintiffs,

        vs.

TRI-STATE CAREFLIGHT, LLC, and
BLAKE A. STAMPER, Individually,

        Defendants.

No.1:14-cv-01044-JB-KBM
CLASS ACTION
JURY DEMANDED

### THIRD AMENDED REPRESENTATIVE AND CLASS ACTION COMPLAINT FOR DAMAGES FOR VIOLATIONS OF NEW MEXICO MINIMUM WAGE ACT AND NEW MEXICO COMMON LAW

COME NOW Intervenors Shailendra Basnet, Kristy Bell, Deborah Berest, Daniel Bergman, William Dallas Bundrant, Jr., Rocky H. Burrows, II, Chase Carter, Brenda Casarez, Michael Castro, Kara Cervantes, Thomas Cislo, David Daniels, Adam Doyle, Darren Een, Toby Eicher, Walter Fabian, Harold Joseph Fisher, Christina Fleeman, Luke Forslund, Salustiano Fragoso, Rehannon Gonzales, Kristen Grado, Courtney Guerra, Darrin Hamilton, Shane Herron, Alexander Howell, Danielle Irvin, Allen Jacobs, Erin Johnson, Alex Jones, Donald Luke Keenan, Daniel Kuhler, Simon Lucero, Raphael Mahaim, Nathan Maplesden, Cindy D. Maxwell, Jennifer Mazzanti, Bethany McCandless, William J. McConnell, Ron McDearmid, Dan Meehan, Kevin Napp, James O'Connor, Kathy Onsurez-Wilson, Eric Parker, Jason Perry, Amanda Petersen, Brent Place, Jimmy Ronald Primm, Jr., Philip Qubain, Paul Ratigan, Joseph Root, Daron Ruckman, Frederic Ruebush, Jennifer Salaverry, Paul Serino, Christian Speakman, Ian Stephens, Daniel St. Peters, Usvaldo R. Trujillo, Paul Vacula, Jennifer Valdez, Graciela Villalobos, Eric Vogt, Greg Walsh, Tyler Wilkins, Virginia Williams, Terry Zacharias and Michael Zulaski, on behalf of themselves and all others similarly situated, by and through their counsel of record, MOODY & WARNER, P.C. (Christopher Moody and Repps Stanford), and hereby submit their Third Amended Representative and Class Action Complaint for Damages for Violation of New Mexico Minimum Wage Act and New Mexico Common Law against Defendants Tri-State CareFlight, LLC, and Blake A. Stamper as follows:

### JURISDICTION AND VENUE

1.     This action arises under the New Mexico Minimum Wage Act, NMSA 1978, §§50-4-19 to 50-4-30 (2012) (hereinafter "NMMWA") and New Mexico common law.

2.     Plaintiffs are citizens of various states, including New Mexico and Arizona. Defendants are citizens of Arizona. The violations being sued upon occurred in New Mexico and therefore venue is appropriate.

3.     Defendant Tri-State CareFlight, LLC, is, upon information and belief, an Arizona corporation duly authorized to conduct business in the State of New Mexico with its Registered Agent, Thomas Hoover, in Santa Fe County, New Mexico.

4.      The service area for Defendant Tri-State CareFlight, LLC, includes New Mexico.

5.      Individual Defendant Blake A. Stamper is, upon information and belief, a resident of the State of Arizona.

6.      Tri-State CareFlight, LLC, and individual Defendant Stamper qualify, individually and collectively, as an employer within the meaning of the NMMWA.

7.      Plaintiffs qualify as employees under the NMMWA and New Mexico Common law.

8.      Jurisdiction is appropriate pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2) as follows:

      a.   this is a class action lawsuit;

      b.   the matter in controversy exceeds $5,000,000.00, exclusive of interests and costs, based on settlement averages involving previous Plaintiffs with whom Defendants settled and the proposed class size of approximately 270 individuals on the New Mexico Minimum Wage Act overtime claims and approximately one hundred and thirty-five (135) pilots on the unjust enrichment claims; and

      c.   members of the class of Plaintiffs are citizens of a State (New Mexico) different from the Defendants (Arizona).

**FACTUAL ALLEGATIONS**

9.      This is a representative action brought by Plaintiffs on behalf of themselves and other similarly situated employees who were employed by Defendants as Flight Paramedics, Flight Nurses, and Pilots (rotary and fixed wing) at various times between June 19, 2009 and, upon information and belief, July 2016.

10.      Plaintiffs and other similarly situated employees who were employed by Defendants were not properly compensated for overtime hours worked in violation of New Mexico law.

3

11.     Defendants owned and operated a medical transport service providing services in New Mexico, Colorado, and Arizona.

12.     Mr. Shailendra Basnet was employed with Defendants in New Mexico as a Rotary Wing Pilot from approximately January 3, 2013 until approximately April 4, 2016.

13.     Ms.  Kristy Bell was employed with Defendants in New Mexico as a Flight Nurse from approximately July 8, 2013 until approximately March 2016.

14.     Ms. Deborah Prair Berest was employed with Defendants in New Mexico as a Flight Nurse from approximately May 2012 until approximately February 2016.

15.     Mr. Daniel Bergman was employed with Defendants in New Mexico as a Flight Nurse from approximately June 2013 until approximately January 2016.

16.     Mr. William Dallas Bundrant, Jr. was employed with Defendants in New Mexico as a Fixed Wing Pilot from approximately July 20, 2014 until approximately January 19, 2016.

17.     Mr. Rocky H. Burrows, II was employed with Defendants in New Mexico as a Flight Paramedic from approximately January 1, 2014 until approximately September 22, 2015.

18.     Mr. Chase Carter was employed with Defendants in New Mexico as a Rotary Wing Pilot from approximately October 2012 until approximately March 31, 2015.

19.     Ms. Brenda Casarez was employed with Defendants in New Mexico as a Flight Nurse from approximately October 1, 2013 until approximately January 20, 2016.

20.     Mr. Michael Castro was employed with Defendants in New Mexico as a Flight Paramedic from approximately October 2014 until approximately February 2016.

21.     Ms. Kara Cervantes was employed with Defendants in New Mexico as a Flight Nurse from approximately September 8, 2014 until approximately April 19, 2016.

22.     Mr. Thomas Cislo was employed with Defendants in New Mexico as a Rotary Wing Pilot/Check Airman/Instructor Pilot from approximately January 2006 until approximately September 2012.

23.     Mr. David Daniels was employed with Defendants in New Mexico as a Rotary Wing Pilot from approximately December 2010 until approximately April 2016.

24.    Mr. Adam Doyle was employed with Defendants in New Mexico as a Rotary Wing Pilot from approximately December 10, 2010 until approximately January 2016.

25.    Mr. Darren Een was employed with Defendants in New Mexico as a Rotary Wing Pilot from approximately January 2013 until approximately March 2015.

26.    Mr. Toby Eicher was employed with Defendants in New Mexico as a Rotary Wing Pilot from approximately February 2013 until approximately December 2015.

27.    Mr. Walter Fabian was employed with Defendants in New Mexico as a Flight Paramedic from approximately February 03, 2014 until approximately January 19, 2016.

28.    Mr. Harold Joseph Fisher was employed with Defendants in New Mexico as a Rotary Wing Pilot from approximately January 05, 2015 until approximately January 12, 2016.

29.    Ms. Christina Fleeman was employed with Defendants in New Mexico as a Flight Nurse from approximately September 2012 until approximately March 2016.

30.    Mr. Luke Forslund was employed with Defendants in New Mexico as a Flight Paramedic from approximately June 2012 until approximately June 2015.

31.    Mr. Salustiano Fragoso was employed with Defendants in New Mexico as a Rotary Wing Line Pilot from approximately August 2012 until approximately August 2013.

32.    Ms. Rehannon Gonzales was employed with Defendants in New Mexico as a Flight Nurse from approximately May 2015 until approximately May 2016.

33.    Ms. Kristen Grado was employed with Defendants in New Mexico as a Flight Nurse from approximately November 2014 until approximately February 2016.

34.    Mrs. Courtney Guerra was employed with Defendants in New Mexico as a Flight Nurse on two (2) separate occasions: (1) from approximately October 2008 until approximately September 2010, and then (2) from approximately December 2011 until approximately February 2013.

35.    Mr. Darrin Hamilton was employed with Defendants in New Mexico as a Flight Paramedic from approximately September 2013 until approximately August 2014.

36.     Mr. Alexander Howell was employed with Defendants in New Mexico as a Flight Paramedic from approximately June 2012 until approximately April 2016.

37.     Mr. Shane Herron was employed with Defendants in New Mexico as a Rotary Wing Pilot from approximately December 19, 2011 until approximately June 26, 2016.

38.     Ms. Danielle Irvin was employed with Defendants in New Mexico as a Flight Nurse from approximately March 17, 2014 until approximately January 2016.

39.     Mr. Allen Jacobs was employed with Defendants in New Mexico as a Rotary Wing Pilot from approximately November 2014 until approximately September 2015.

40.     Mrs. Erin Johnson was employed with Defendants in New Mexico as a Flight Nurse from approximately July 6, 2008 until approximately June 2016.

41.     Mr. Alex Jones was employed with Defendants in New Mexico as a Flight Paramedic from approximately August 2015 until approximately March 2016.

42.     Mr. Donald Luke Keenan was employed with Defendants in New Mexico as a Flight Paramedic from approximately October 21, 2013 until approximately January 2016.

43.     Mr. Daniel Kuhler was employed with Defendants in New Mexico as a Flight Paramedic from approximately August 2014 until approximately April 2016.

44.     Mr. Simon Lucero was employed with Defendants in New Mexico as a Flight Nurse from approximately September 30, 2013 until approximately June 2016.

45.     Mr. Raphael Mahaim was employed with Defendants in New Mexico as a Rotary Wing Pilot from approximately November 25, 2014 until approximately June 2016.

46.     Mr. Nathan Maplesden was employed with Defendants in New Mexico as a Rotary Wing Pilot from approximately November 4, 2013 until approximately March 2016.

47.     Mrs. Cindy D. Maxwell was employed with Defendants in New Mexico as a Flight Paramedic from approximately August 1, 2013 until approximately January 20, 2016.

48.     Mrs. Jennifer Mazzanti was employed with Defendants in New Mexico as a Flight Paramedic from approximately October 2010 until approximately May 2016.

6

49.     Ms. Bethany McCandless was employed with Defendants in New Mexico as a Flight Paramedic from approximately March 2013 until approximately September 2014.

50.     Mr. William J. McConnell was employed with Defendants in New Mexico as a Flight Nurse from approximately December 2010 until approximately April 2015.

51.     Mr. Ron McDearmid was employed with Defendants in New Mexico as a Flight Paramedic from approximately February 22, 2012 until approximately January 2016.

52.     Mr. Dan Meehan was employed with Defendants in New Mexico as a Fixed Wing Pilot from approximately March 2014 until approximately February 2016.

53.     Mr. Kevin Napp was employed with Defendants in New Mexico as a Flight Paramedic from approximately December 19, 2011 until approximately July 2016.

54.     Mr. James O'Connor was employed with Defendants in New Mexico as a Flight Paramedic from approximately October 6, 2014 until approximately March 2, 2016.

55.     Mrs. Kathy Onsurez-Wilson was employed with Defendants in New Mexico as a Flight Nurse from approximately May 2008 until approximately March 2012.

56.     Mr. Eric Parker was employed with Defendants in New Mexico as a Flight Nurse from approximately January 2013 until approximately January 2016.

57.     Mr. Jason Perry was employed with Defendants in New Mexico as a Flight Nurse from approximately April 8, 2013 until approximately January 19, 2016.

58.     Ms. Amanda Petersen was employed with Defendants in New Mexico as a Flight Paramedic from approximately December 2012 until approximately March 2015.

59.     Mr. Brent Place was employed with Defendants in New Mexico as a Flight Paramedic from approximately December 2010 until approximately November 2014.

60.     Mr. Jimmy Ronald Primm, Jr. was employed with Defendants in New Mexico as a Fixed Wing ("Lead") Pilot from approximately April 21, 2014 until approximately January 19, 2016.

61.     Mr. Philip Qubain was employed with Defendants in New Mexico as a Flight Nurse/Flight Paramedic from approximately October 2010 until approximately January 2016.

7

62.    Mr. Paul Ratigan was employed with Defendants in New Mexico as a Flight Paramedic from approximately January 26, 2015 until approximately September 1, 2015.

63.    Mr. Joseph Root was employed with Defendants in New Mexico as a Flight Paramedic from approximately December 2011 until approximately January 2014.

64.    Mr. Daron Ruckman was employed with Defendants in New Mexico as a Flight Nurse from approximately October 20, 2014 until approximately January 2016.

65.    Mr. Frederic Ruebush was employed with Defendants in New Mexico as a Flight Paramedic from approximately December 2013 until approximately July 2016.

66.    Ms. Jennifer Salaverry was employed with Defendants in New Mexico as a Flight Nurse from approximately July 2012 until approximately April 2016.

67.    Mr. Paul Serino was employed with Defendants in New Mexico as a Flight Paramedic from approximately September 2015 until approximately June 2016.

68.    Mrs. Christian Speakman was employed with Defendants in New Mexico as a Flight Nurse from approximately September 2014 until.

69.    Mr. Ian Stephens was employed with Defendants in New Mexico as a Flight Paramedic from approximately May 2012 until approximately August 2014.

70.    Mr. Daniel St. Peters was employed with Defendants in New Mexico as a Rotary Wing Pilot from approximately March 17, 2014 until approximately June 14, 2016.

71.    Mr. Usvaldo R. Trujillo was employed with Defendants in New Mexico as a Rotary Wing Pilot from approximately October 2013 until approximately June 2015.

72.    Mr. Paul Vacula was employed with Defendants in New Mexico as a Rotary Wing Line Pilot from approximately August 15, 2015 until approximately March 2016.

73.    Ms. Jennifer Valdez was employed with Defendants in New Mexico as a Flight Nurse from approximately October 25, 2010 until approximately January 2016.

74.    Ms. Graciela Villalobos was employed with Defendants in New Mexico as a Flight Nurse from approximately September 2013 until approximately February 2016.

8

75.     Mr. Eric Vogt was employed with Defendants in New Mexico as a Flight Paramedic from approximately January 5, 2015 until approximately January 5, 2016.

76.     Mr. Greg Walsh was employed with Defendants in New Mexico as a Flight Paramedic from approximately August 2011 until approximately May 2014.

77.     Mr. Tyler Wilkins was employed with Defendants in New Mexico as a Rotary Wing Pilot from approximately February 2013 until approximately October 2014.

78.     Ms. Virginia Williams was employed with Defendants in New Mexico as a Rotary Wing Pilot from approximately December 2008 until approximately June 28, 2012.

79.     Mr. Terry Zacharias was employed with Defendants in New Mexico as a Rotary Wing Pilot from approximately February 2014 until approximately April 2016.

80.     Mr. Michael Zulaski was employed with Defendants in New Mexico as a Fixed Wing Pilot from approximately May 2014 until approximately July 2016.

81.     Defendants employed Flight Paramedics, Flight Nurses, and Pilots at each of their locations in New Mexico.

82.     Flight Paramedics, Flight Nurses, and Pilots, including the Plaintiffs, routinely worked more than forty (40) hours per week on behalf of Defendants. Indeed, Flight Paramedics, Flight Nurses and Pilots were routinely scheduled to work more than forty (40) hours per week.

83.     Flight Paramedics, Flight Nurses, and Pilots, including the Plaintiffs, were not compensated at one and one-half (1½) times their regular rate for all hours worked over forty (40) in a work week. In addition, Pilots were sometimes required to work beyond their scheduled twelve (12) hour shift, but were not paid for hours in excess of twelve (12).

84.     Work performed by Flight Paramedics, Flight Nurses, and Pilots employed by Defendants is subject to the provisions of the New Mexico Minimum Wage Act and New Mexico common law.

85.     Flight Paramedics, Flight Nurses, and Pilots are not eligible for exemption from overtime under the New Mexico Minimum Wage Act.

9

**REPRESENTATIVE ACTION ALLEGATIONS**

86.    Plaintiffs bring this action as a representative action, pursuant to NMSA 1978 §50-4-26(D) (2015), on behalf of themselves and on behalf of all similarly situated employees formerly employed by Defendants.

87.    Alternatively, Plaintiffs bring this matter as a class action pursuant to Fed. R. Civ. P. 23.

88.    Plaintiffs and all other Flight Paramedics, Flight Nurses, and Pilots employed by Defendants are similarly situated employees because they all were subjected to the same uniform and unlawful pay policies, specifically the denial of overtime pay for work over forty (40) hours per work week.

89.    Plaintiffs Kristy Bell, Deborah Berest, Daniel Bergman, Rocky H. Burrows, II, Brenda Casarez, Michael Castro, Kara Cervantes, David Daniels, Walter Fabian, Christina Fleeman, Luke Forslund, Rehannon Gonzales, Kristen Grado, Courtney Guerra, Darrin Hamilton, Alexander Howell, Danielle Irvin, Erin Johnson, Alex Jones, Donald Luke Keenan, Daniel Kuhler, Simon Lucero, Cindy D. Maxwell, Jennifer Mazzanti, Bethany McCandless, William J. McConnell, Ron McDearmid, Kevin Napp, James O'Connor, Kathy Onsurez-Wilson, Eric Parker, Jason Perry, Amanda Petersen, Brent Place, Philip Qubain, Paul Ratigan, Joseph Root, Daron Ruckman, Frederic Ruebush, Jennifer Salaverry, Paul Serino, Christian Speakman, Ian Stephens, Jennifer Valdez, Graciela Villalobos, Eric Vogt and Greg Walsh, and all other Flight Paramedics and Flight Nurses, were, pursuant to a uniform company policy, paid an hourly rate and were compensated at straight time for all hours up to ninety-six (96) per two-week pay period. Flight Paramedics and Flight Nurses were paid one and one-half times (1½) their regular rate only for hours worked in excess of ninety-six (96) hours in any two-week pay period.

90.    Bell, Berest, Bergman, Burrows, Casarez, Castro, Cervantes, Daniels, Fabian, Fleeman, Forslund, Gonzales, Grado, Guerra, Hamilton, Howell, Irvin, Johnson, Jones, Keenan, Kuhler, Lucero, Maxwell, Mazzanti, McCandless, McConnell, McDearmid, Napp, O'Connor,

Onsurez-Wilson, Parker, Perry, Petersen, Place, Qubain, Ratigan, Root, Ruckman, Ruebush, Salaverry, Serino, Speakman, Stephens, Valdez, Villalobos, Vogt and Walsh, and other employees employed as Flight Paramedics and Flight Nurses, routinely worked in excess of forty (40) hours per week, but, pursuant to a uniform company policy, were denied premium overtime pay for all of their hours of work over forty (40) per week.

91.     Plaintiffs Shailendra Basnet, William Dallas Bundrant, Jr., Chase Carter, Thomas Cislo, Adam Doyle, Darren Een, Toby Eicher, Harold Joseph Fisher, Salustiano Fragoso, Shane Herron, Allen Jacobs, Raphael Mahaim, Nathan Maplesden, Dan Meehan, Jimmy Ronald Primm, Jr., Daniel St. Peters, Usvaldo R. Trujillo, Paul Vacula, Tyler Wilkins, Virginia Williams, Terry Zacharias and Michael Zulaski, and all other Pilots, were, pursuant to a uniform company policy, paid a "daily rate" for each regularly scheduled twelve (12) hour shift. Pilots were not paid additional compensation if the work day exceeded twelve (12) hours. Some pilots were scheduled to work fourteen (14) consecutive twelve (12) hour shifts, followed by fourteen (14) days off. Most pilots were generally scheduled to work seven (7) consecutive twelve (12) hour shifts, followed by seven (7) days off.

92.     Basnet, Bundrant, Carter, Cislo, Doyle, Een, Eicher, Fisher, Fragoso, Herron, Jacobs, Mahaim, Maplesden, Meehan, Primm, St. Peters, Trujillo, Vacula, Wilkins, Williams, Zacharias and Zulaski, and other employees employed as Pilots, routinely worked in excess of forty (40) hours per week, but, pursuant to a uniform company policy, were not paid premium overtime pay for their overtime work hours.

93.     Pursuant to NMSA 1978 § 50-4-32 (2015), this suit encompasses all violations of the same type as sued upon by Plaintiffs from June 19, 2009 through such time as Defendants ceased applying their unlawful policies described above, believed to be July 2016. Therefore, Plaintiffs seek to represent similarly situated employees (defined as Flight Paramedics, Flight Nurses and Pilots) formerly employed in New Mexico by the Defendants at any time in the past who were subjected to the same unlawful and uniform pay policies to which Plaintiffs were subjected.

11

94. Pursuant to NMSA 1978, § 37-1-4 (2016), on the unjust enrichment claim this suit encompasses all violations of the same type as sued upon by Plaintiffs from September 11, 2010 through such time as Defendants ceased applying their unlawful policies described above, believed to be July 2016. Therefore, Plaintiff Pilots seek to represent similarly situated Pilots formerly employed in New Mexico by Defendants who were subjected to the same unlawful and uniform pay policies to which Plaintiffs were subjected.

### COUNT I – VIOLATION OF THE NEW MEXICO MINIMUM WAGE ACT
### NMSA 1978, §§ 50-4-19 ET SEQ. (2012)

95. Plaintiffs incorporate the preceding paragraphs by reference.

96. Defendants qualify as an employer under the NMMWA.

97. Plaintiffs and all other similarly situated individuals qualify as employees under the NMMWA.

98. Plaintiffs and all other similarly situated individuals were not exempt from overtime under the NMMWA.

99. Defendants' actions of failing to pay Plaintiffs properly for all hours worked over forty (40) in a week at one and one-half (1½) times their regular rate of pay constitute violations of the NMMWA.

100. Alternatively, to the extent Fed. R. Civ. P. 23(a) and (b) apply to Plaintiffs' NMMWA claims, Plaintiffs seek to represent the following class:

> All flight nurses, flight paramedics and pilots who were employed by Defendants in New Mexico from June 19, 2009 on and who worked more than forty (40) hours in any given work week but who did not receive overtime pay at one and one-half (1½) times his/her regular rate of pay.

101. *Numerosity.* The class and/or subclass (if necessary) are so numerous that joinder would be impracticable. The proposed class is believed to include at least 250 persons.

102. *Commonality.* The class and/or subclass (if necessary) claims asserted by Plaintiffs arise from common questions of fact and/or law, as the policies applicable to the class and/or subclass (if necessary) are the same for class members and the common questions are

capable of being answered on a class-wide basis under *Dukes v. Wal-Mart Stores, Inc.* Questions common to the overtime class include: (1) whether Defendants' policy of paying premium overtime pay to Flight Nurses and Flight Paramedics only for hours worked in excess of ninety-six (96) in a two (2) week pay period violates that NMMWA; (2) whether the policy of not paying pilots premium pay for hours worked over forty (40) in a work week violates the NMMWA; (3) whether the policy of paying premium overtime pay to Flight Nurses and Flight Paramedics only for hours worked in excess of ninety-six (96) in a two (2) week pay period caused damages to the class; (4) whether the policy of not paying pilots premium pay for hours worked over forty (40) in a work week caused damages to the class of pilots; (5) whether Defendants knew, or should have known, Flight Nurses and Flight Paramedics were working more than forty (40) hours per week such that overtime was due; (6) whether Defendants knew, or should have known, Pilots were working more than forty (40) hours per week such that overtime was due; (7) whether the New Mexico Minimum Wage Act applies to Flight Nurses, Flight Paramedics and Pilots; (8) whether the class is entitled to common damages on interest, overtime pay and treble damages; and (9) whether any defenses asserted by Defendants commonly apply to the class as a whole.

103. *Typicality.* Typicality is satisfied, as the class and/or subclass (if necessary) share common interests, their claims arise from the same legal theories and they suffered the same or similar injuries.

104. *Adequacy.* The Plaintiffs and their counsel are adequate representatives and will dutifully fulfill their role(s) to vindicate the rights of themselves and the putative class members.

105. *Predominance.* Predominance is satisfied and the common questions predominate over individual issues. Damages are also capable of being calculated on a mechanical basis through a recognized methodology applicable to overtime claims, namely one and one-half (1½) times the regular rate of pay for all hours worked over forty (40) in any given work week during the class period. Thus, individualized damages calculations do not predominate over common issues.

106. *Superiority.* Class treatment is far superior to the alternative of numerous individual trials and this case can be managed by the Court.

107. As a result of Defendants' actions, Plaintiffs and all other similarly situated individuals are entitled to compensation for the unpaid overtime hours that they worked, plus interest, plus an amount equal to twice the compensation for unpaid overtime hours in accordance with the NMMWA, plus costs and attorney's fees and any other relief afforded by the NMMWA.

## COUNT II – UNJUST ENRICHMENT

108. Plaintiffs incorporate the preceding paragraphs by reference.

109. Plaintiffs Shailendra Basnet, William Dallas Bundrant, Jr., Chase Carter, Thomas Cislo, Adam Doyle, Darren Een, Toby Eicher, Harold Joseph Fisher, Salustiano Fragoso, Shane Herron, Allen Jacobs, Raphael Mahaim, Nathan Maplesden, Dan Meehan, Jimmy Ronald Primm, Jr., Daniel St. Peters, Usvaldo R. Trujillo, Paul Vacula, Tyler Wilkins, Virginia Williams, Terry Zacharias and Michael Zulaski, and all other similarly situated individuals employed by Defendants in New Mexico as Pilots, on occasion worked beyond the twelve (12) regularly scheduled hours of their work shifts, but were not paid for hours worked beyond twelve (12) per shift in accordance with a uniform policy.

110. Plaintiffs Basnet, Bundrant, Carter, Cislo, Doyle, Een, Eicher, Fisher, Fragoso, Herron, Jacobs, Mahaim, Maplesden, Meehan, Primm, St. Peters, Trujillo, Vacula, Wilkins, Williams, Zacharias and Zulaski, and all other similarly situated persons, are entitled to payment for all hours worked for Defendants.

111. Pursuant to Fed. R. Civ. P. 23(a) & (b)(3), Plaintiffs Shailendra Basnet, William Dallas Bundrant, Jr., Chase Carter, Thomas Cislo, Adam Doyle, Darren Een, Toby Eicher, Harold Joseph Fisher, Salustiano Fragoso, Shane Herron, Allen Jacobs, Raphael Mahaim, Nathan Maplesden, Dan Meehan, Jimmy Ronald Primm, Jr., Daniel St. Peters, Usvaldo R. Trujillo, Paul Vacula, Tyler Wilkins, Virginia Williams, Terry Zacharias and Michael Zulaski seek to represent a company class consisting of:

> All Pilots who were employed by the company in New Mexico from September 11, 2010 to the present, who worked more than twelve (12) hours in one day and who received pay for only twelve (12) hours of work.

112.   Plaintiffs reserve the right to seek to represent sub-classes of the class as necessary.

113.   *Numerosity.* The number of Pilots in the class is, upon information and belief, believed to meet the general threshold of numerosity. It would be impracticable to bring all, or even a substantial percentage of, such persons before the Court as individual plaintiffs through joinder. Members of the pilot unjust enrichment class are believed to be approximately 135.

114.   *Commonality.* There are questions of law and fact common to the class. These include the following: (1) how many hours the daily rate of pay was intended to cover; (2) whether pilots were regularly expected to work more than twelve (12) hours per shift; (3) whether Defendants knew it was likely pilots were likely to have to work more than twelve (12) hours per day; (4) whether Defendants set the daily rate to cover twelve (12) hours despite this knowledge; (5) whether the practice caused Defendants to unjustly reap the benefits; (6) whether return of all benefits for the class should occur; (7) whether the common law claim of unjust enrichment applies to pilots; and (8) whether punitive damages are warranted.

115.   *Typicality.* The claims of each of the above-identified class representatives are typical of the claims of all class members because: (a) they have all been subjected to the same uniform policy of undercompensating Pilots who worked more than twelve (12) hours per day; (b) all of their claims are based upon allegations that they have been adversely affected by that practice of under-compensation in the same or similar manner; and (c) their claims are all based on the same legal theory or theories.

116.   *Adequacy of Representation.* All of the above-identified proposed class representative Pilots are adequate representatives of the class because: (a) they are willing and able to represent the proposed class and have every incentive to pursue this action to a successful conclusion; (b) their interests are not in any way antagonistic to those of the other class members

of Pilots; and (c) they are represented by counsel experienced in litigating class actions in the field of employment discrimination.

117.   *Propriety of Maintenance of Class Action under Fed. Civ. P. 23(b)(3).* Class action status is also appropriate under Fed. R. Civ. P. 23(b)(3). The common questions of law and fact identified above predominate over questions affecting only individual members. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. Damages calculations are formulaic in nature and can be generated through a mechanical process of converting the daily rate to an hourly rate and then multiplying that rate by the uncompensated hours Inasmuch as all members of the class allege that they were subjected to the same company-wide policy or practice of under-compensation for hours worked in excess of twelve (12) in any given day, requiring each class member to pursue his/her claim individually would entail needless duplication and would waste the resources of both the parties and the judiciary. The financial burden of proving Defendants engaged in such a pattern or practice of under-compensation would also make the prosecution of individual actions virtually impossible for most, if not all, members of the class.

118.   Defendants knew that Plaintiffs Basnet, Bundrant, Carter, Cislo, Doyle, Een, Eicher, Fisher, Fragoso, Herron, Jacobs, Mahaim, Maplesden, Meehan, Primm, St. Peters, Trujillo, Vacula, Wilkins, Williams, Zacharias and Zulaski, and other similarly situated employees, on occasion worked in excess of twelve (12) hours per shift, but failed to pay Plaintiffs Basnet, Bundrant, Carter, Cislo, Doyle, Een, Eicher, Fisher, Fragoso, Herron, Jacobs, Mahaim, Maplesden, Meehan, Primm, St. Peters, Trujillo, Vacula, Wilkins, Williams, Zacharias and Zulaski, and other similarly situated individuals, for all hours worked, retained the fruits of Plaintiffs Basnet, Bundrant, Carter, Cislo, Doyle, Een, Eicher, Fisher, Fragoso, Herron, Jacobs, Mahaim, Maplesden, Meehan, Primm, St. Peters, Trujillo, Vacula, Wilkins, Williams, Zacharias and Zulaski's, and others' labors, and retained the monies that should have been paid to Plaintiffs Basnet, Bundrant, Carter, Cislo, Doyle, Een, Eicher, Fisher, Fragoso, Herron, Jacobs, Mahaim,

16

Maplesden, Meehan, Primm, St. Peters, Trujillo, Vacula, Wilkins, Williams, Zacharias and Zulaski, and others, as wages for hours worked.

119.    Defendants were unjustly enriched by their refusal and/or failure to pay Plaintiffs Basnet, Bundrant, Carter, Cislo, Doyle, Een, Eicher, Fisher, Fragoso, Herron, Jacobs, Mahaim, Maplesden, Meehan, Primm, St. Peters, Trujillo, Vacula, Wilkins, Williams, Zacharias and Zulaski, and others, for all hours worked, and have benefited at the expense of Plaintiffs Basnet, Bundrant, Carter, Cislo, Doyle, Een, Eicher, Fisher, Fragoso, Herron, Jacobs, Mahaim, Maplesden, Meehan, Primm, St. Peters, Trujillo, Vacula, Wilkins, Williams, Zacharias and Zulaski, and others.

120.    Defendants should be required to disgorge this unjust enrichment.

121.    Defendants' actions as described above were intentional, deliberate, willful, wanton and in reckless disregard of the rights of Plaintiffs, and Plaintiffs and all others similarly situated are entitled to punitive damages.

### DAMAGES

122.    Plaintiffs hereby incorporate the preceding paragraphs by reference.

123.    Plaintiffs seek damages on behalf of themselves and all other similarly situated individuals for unpaid overtime from June 19, 2009 through, upon information and belief, July 2016.

124.    Plaintiffs seek additional damages on behalf of themselves and all other similarly situated individuals equal to twice the amount of their unpaid overtime under the NMMWA.

125.    Plaintiffs Shailendra Basnet, William Dallas Bundrant, Jr., Chase Carter, Thomas Cislo, Adam Doyle, Darren Een, Toby Eicher, Harold Joseph Fisher, Salustiano Fragoso, Shane Herron, Allen Jacobs, Raphael Mahaim, Nathan Maplesden, Dan Meehan, Jimmy Ronald Primm, Jr., Daniel St. Peters, Usvaldo R. Trujillo, Paul Vacula, Tyler Wilkins, Virginia Williams, Terry Zacharias and Michael Zulaski, and others, seek payment for all hours worked in excess of twelve (12) per shift from September 11, 2010 through July 2016.

126.    Plaintiffs seek pre- and post-judgment interest.

17

127. Plaintiffs seek reasonable attorneys' fees and costs as allowed pursuant to the NMMWA.

128. Plaintiffs seek punitive damages on the unjust enrichment claim.

**WHEREFORE**, Plaintiffs, on behalf of themselves and all other similarly situated individuals, pray this Court for judgment in their favor, an award of the above-requested relief and all other relief this Court deems fair and just.

### JURY DEMAND

Plaintiffs hereby request a jury trial of all issues properly triable to a jury.

Respectfully submitted,

**MOODY & WARNER, P.C.**

By: */s/ Christopher M. Moody 2017.10.04*
        Christopher M. Moody
        Repps D. Stanford
4169 Montgomery Blvd. NE
Albuquerque, NM 87109
(505) 944-0033
moody@nmlaborlaw.com
stanford@nmlaborlaw.com
*Attorneys for Plaintiffs/Intervenors*

We hereby certify that we have served a copy of this pleading on the following counsel of record by filing the same in the CM/ECF filing system this 4th day of October 2017:

CHARLES J. VIGIL
JEFFREY L. LOWRY
P. O. Box 1888
Albuquerque, NM 87103
Telephone: (505) 765-5900
FAX: (505) 768-7395
*Attorneys for Defendants*

**MOODY & WARNER, P.C**.

By: */s/ CMM 2017.10.04*
        Christopher M. Moody