# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

WILLIAM D. PAYNE; NICOLE PAYNE;
LESLIE B. BENSON; KEITH BASTIAN;
JACQUELINE FERNANDEZ-QUEZADA;
CASON N. HEARD; GREGORY
OLDHAM and SHERRY K. WELCH, on
behalf of themselves and all others similarly
situated,

      Plaintiffs,

vs.                                               No. CIV 14-1044 JB/KBM

TRI-STATE CAREFLIGHT, LLC, and
BLAKE A. STAMPER, individually,

      Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on: (i) Plaintiffs' Opposed Fed. R. Civ. P. 42(a)(1) & (a)(2) Motion to Consolidate, filed October 19, 2017 (Doc. 178)("Motion to Consolidate"); and (ii) Defendants' Motion to Strike or Dismiss Third Amended Complaint, filed November 1, 2017 (Doc. 180)("Motion to Strike"). The Court held a hearing on June 5, 2018. The primary issues are: (ii) whether the <u>Bell v. Tri-State CareFlight, LLC</u>, No. CIV 17-0796 KG Stipulated Order Granting Defendants' Motion to Transfer Related Case to Honorable James O. Browning, filed October 6, 2017 (Doc. 15)("Transfer Order"), consolidated <u>Bell v. Tri-State CareFlight, LLC</u>, with this case, and, if not, whether the Court should consolidate the cases pursuant to rule 42(a)(2) of the Federal Rules of Civil Procedure; and (ii) whether the Court should strike or dismiss the Plaintiffs' Third Amended Representative and Class Action Complaint for Damages for Violations of New Mexico Minimum Wage Act and New Mexico Common Law, filed October 4, 2017 (Doc. 177)("Complaint") in light of the Court's prior entry

of Final Judgment, filed November 23, 2016 (Doc. 150). The Court concludes that: (i) the Transfer Order did not consolidate the cases, but the Court will consolidate the cases now; and (ii) the Court need not strike the Complaint in light of the Final Judgment, but the Court will not require the Defendants to answer the Complaint unless and until the Court determines that the Complaint is operative. Accordingly, the Court grants the Motion to Consolidate and denies the Motion to Strike.

## FACTUAL BACKGROUND

Defendant Tri-State Careflight, LLC operates an air ambulance service in New Mexico, Arizona, Colorado, and Nevada. See Complaint ¶ 11, at 4. Tri-State CareFlight operates a fleet of aircraft, which it staffs with pilots and trained medical personnel. See Complaint ¶ 9 at 3. Tri-State CareFlight and Defendant Blake Stamper are or were employers within the definition of the New Mexico Minimum Wage Act, N.M. Stat. Ann. §§ 50-4-1 through 50-4-33 ("NMMWA"). Complaint ¶ 7, at 3. This case is a wage-and-hour dispute. See Complaint ¶ 1, at 2. The Plaintiffs seek to recover unpaid overtime compensation under the NMMWA and other unpaid compensation on a theory of unjust enrichment. See Complaint ¶¶ 95-128, at 12-18.

## PROCEDURAL BACKGROUND

In September, 2014, William D. Payne and Nicole Payne, "on behalf of themselves and all others similarly situated," filed their original complaint against Tri-State CareFlight and Stamper. Representative Action Complaint for Damages for Violation of New Mexico Minimum Wage Act and Unjust Enrichment at 1, Payne v. Tri-State Careflight, LLC, D-101-CV-2014-02048 (First Judicial District, County of Santa Fe, State of New Mexico)(Montes, J.), filed November 17, 2014 in federal court (Doc. 1-1)("Original Complaint"). Tri-State CareFlight and Stamper removed the case to federal court on November

17, 2014.  See Notice of Removal, filed November 17, 2014 (Doc. 1)("Notice of Removal"). They based removal on the Court's diversity jurisdiction.  See Notice of Removal ¶ 4, at 2.

On August 24, 2015, W. Payne and N. Payne moved to amend the Original Complaint to: (i) eliminate a claim for certain uncompensated travel time from the Original Complaint; and (ii) add an additional named Plaintiff -- Leslie B. Benson.  See Plaintiffs' Amended Opposed Motion for Leave to File First Amended Complaint, filed August 24, 2015 (Doc. 44)("First Motion to Amend").  On September 4, 2015, W. Payne and N. Payne filed Plaintiffs' Motion for and Brief in Support of Class Certification, filed September 4, 2015 (Doc. 48)("First Motion for Class Cert.").[1]  The Court held a hearing on the First Motion to Amend on October 28, 2015.  See Clerk's Minutes, filed October 28, 2015 (Doc. 67)("Oct. 28th Clerk's Minutes"); Notice of Motion Hearing, filed October 16, 2015 (Doc. 64).  At an October 28, 2015, hearing, the Court granted the First Motion to Amend.  See Oct. 28th Clerk's Minutes at 1; Order at 1, filed March 14, 2016 (Doc. 112).  Later that day, W. Payne and N. Payne filed their First Amended Representative Action Complaint for Damages for Violation of New Mexico Minimum Wage Act, filed October 28, 2015 (Doc. 68)("Amended Complaint").[2]

By November, 2015, W. Payne, N. Payne, and Benson resolved their individual claims against the Defendants.  On November 19, 2015, the Paynes reached a settlement with the

---

[1]W. Payne and N. Payne subsequently withdrew their First Motion for Class Cert on January 26, 2016.  See Plaintiffs' Notice of Withdrawal of Motion for Class Certification, filed January 26, 2016 (Doc. 96).

[2]The Amended Complaint did not include the Original Complaint's unjust enrichment claim, see Amended Complaint ¶¶ 25-30, at 4 (asserting an NMMWA claim only), but the Plaintiffs remedied that oversight when they filed the Second Amended Representative and Class Action Complaint for Damages for Violation of New Mexico Minimum Wage Act and New Mexico Common Law at ¶¶ 33-45, at 5-7, filed January 28, 2016 (Doc. 100).

Defendants in which the Defendants agreed to provide them with full relief under the NMMWA, i.e., all the relief they requested in the Amended Complaint. See Memorandum Opinion and Order at 47, 2016 WL 9738302, at *25, filed August 12, 2016 (Doc. 138)("Intervenor MOO"). Benson, meanwhile, signed a global release of his claims against Tri-State CareFlight and Stamper on October 22, 2015. See Settlement Agreement and General Release at 1-3 (dated October 22, 2015), filed December 9, 2015 (Doc. 71-1).

With W. Payne, N. Payne, and Benson's claims resolved, a new set of named Plaintiffs -- Keith Bastian, Cason N. Heard, Gregory Oldham, Sherry K. Welch, and Jacqueline Fernandez-Quezada -- sought to keep the case alive by intervening pursuant to rule 24 of the Federal Rules of Civil Procedure. See Opposed Motion to Intervene as Parties Plaintiff and Class Representatives at 1, filed December 15, 2015 (Doc. 73)("First Intervention Motion"). In the First Intervention Motion, the intervenors asserted:

> [N]one of the currently named Plaintiffs will be able to pursue this matter either individually or on behalf of the putative class members who were deprived of overtime pay pursuant to Defendants' uniform and unlawful overtime policies applicable to flight nurses, flight paramedics and pilots. Intervenors seek to pick up the prosecution of this lawsuit where the current Plaintiffs are soon to depart.

First Intervention Motion at 2.

As the First Intervention Motion was pending, the Defendants moved the Court, pursuant to rule 56 of the Federal Rules of Civil Procedure, to enter summary judgment in their favor, and to dismiss all claims in the Second Amended Complaint in their entirety and with prejudice. See Defendants Tri-State Careflight, LLC, and Blake A. Samper's Motion for Summary Judgment and Memorandum Brief in Support at 1, filed March 1, 2016 (Doc. 110)("MSJ"). The Defendants argued that federal law preempts the Named Plaintiffs' state-law claim for the alleged NMMWA violation and the state-law claim for unjust enrichment. See MSJ at 1. The

Named Plaintiffs opposed the Defendants' MSJ, and also filed their Motion to Exclude Consideration of New Law or New Argument Raised in Defendants' Reply to the Motion for Summary Judgment or, in the Alternative, to Permit Plaintiff to File a Surreply, filed on May 2, 2016 (Doc. 123)("Motion to Exclude"), as a result of the Defendants' MSJ.

On August 12, 2016, the Court, pursuant to rule 24(b) of the Federal Rules of Civil Procedure, granted the First Intervention Motion, permitting Bastian, Heard, Oldham, Welch, and Fernandez-Quezada to intervene as Plaintiffs. <u>See</u> Intervenor MOO at 1-2. The Court determined, among other things, that the apparent resolution of W. Payne, N. Payne, and Benson's claims "did not render this case moot under Article III because the personal stake of the indivisible class may inhere prior to a definitive ruling on class certification." Intervenor MOO at 41 (citing <u>Lucero v. Bureau of Collection Recovery, Inc.</u>, 639 F.3d 1239, 1244-47 (10th Cir. 2011)).

In October, 2016, the Court denied the Defendants' MSJ, concluding that Congress "has not preempted the field of labor regulation for railroad and airline workers, and the present dispute does not involve the interpretation of a collective bargaining agreement." Memorandum Opinion and Order at 2, <u>Payne v. Tri-State Careflight, LLC</u>, No. CIV 14-1044, 2016 WL 6396214, at *1 (D.N.M. Oct. 25, 2016), filed October 25, 2016 (Doc. 147)("MSJ MOO"). In the same ruling, the Court also determines that "the Defendants raised a new issue of law in their reply in support of their Motion for Summary Judgment, to which the Named Plaintiffs may reply with a surreply should they deem it appropriate." MSJ MOO at 2.

On November 2, 2016, the Defendants offered, under rule 68 of the Federal Rules of Civil Procedure, to pay the five named Plaintiffs -- Bastian, Heard, Oldham, Welch, and Fernandez-Quezada -- a specific amount of money plus their pre-offer "[a]ttorneys' fees and

costs actually and reasonably incurred." Offer of Judgement at 1 (dated November 2, 2016), filed November 17, 2016 (Doc. 149-1)("Offer of Judgment"). The Offer of Judgment states: "By accepting this Offer of Judgment, Plaintiffs agree to the entry of the attached form of final judgment." Offer of Judgment at 2. The Defendants informed the Court, on November 17, 2016, that those five Plaintiffs accepted the Defendants' rule 68 offer. See Notice of Acceptance of Rule 68 Offer of Judgment at 1, filed November 17, 2016 (Doc. 149)("Acceptance Notice"). See also Email from Chris Moody, to Charles Vigil at 1 (dated November 16, 2016), filed November 17, 2016 (Doc. 149-1)("Plaintiffs accept your offer of judgment."). The Acceptance Notice states:

> Defendants hereby notify the Court that Plaintiffs have accepted Defendants' Rule 68 Offer of Judgment. A copy of the accepted Offer of Judgment is attached as Exhibit A, a copy of the Form of Judgment incorporated by reference into the Offer is attached as Exhibit B, and Plaintiff's [sic] acceptance of the offer is attached as Exhibit C.

Acceptance Notice at 1. Six days later, the Court took the Defendants' proposed final judgment and entered it with no changes. See Final Judgment at 1, filed November 23, 2016 (Doc. 150).

On November 29, 2016, seventeen people sought to intervene in the case as named Plaintiffs. See Opposed Fed. R. Civ. P. 24(b) Motion and Supporting Memorandum to Intervene as Parties Plaintiff and Class Representatives, filed November 29, 2016 (Doc. 151)("Motion to Intervene"). On June 27, 2017, fifty-two more people sought to intervene as named Plaintiffs into the case. See Opposed Fed. R. Civ. P. 24(B) Supplemental Motion and Supporting Memorandum to Intervene as Parties Plaintiffs and Class Representatives, filed June 27, 2017 (Doc. 166)("Supp. Motion to Intervene").

On August 3, 2017, while the Court considered the Motion to Intervene and the Supp. Motion to Intervene, "a number of the proposed Plaintiffs/Intervenors filed a separate, but

essentially duplicative" complaint in the United States District Court for the District of New Mexico, apparently to cover their bases vis-à-vis tolling concerns.  Motion to Consolidate at 1. See Bell v. Tri-State CareFlight, LLC, No. CIV 17-0796 ("Bell").  Tri-State CareFlight and Stamper moved to transfer that case, Bell v. Tri-State CareFlight, LLC, No. CIV 17-0796 ("Bell"), from the Honorable Kenneth J. Gonzales, United States District Judge for the District of New Mexico, to the Court.  See Bell, Defendants' Motion to Transfer Related Case to Honorable James O. Browning, filed September 26, 2017 (Doc. 11)("Motion to Transfer").  In the Motion to Transfer, the Defendants state: "Pursuant to Rule 42(a)(3) of the Federal Rules of Civil Procedure, Defendants Tri-State CareFlight, LLC and Blake A. Stamper respectfully move the Court to transfer the above-captioned case to the Honorable James O. Browning."  Motion to Transfer at 1.

On September 30, 2017, the Court granted the Motion to Intervene and the Supp. Motion to Intervene, which added sixty-nine current and former Tri-State CareFlight employees as named Plaintiffs.  See Memorandum Opinion and Order at 60, 322 F.R.D. 647, 683, filed September 30, 2017 (Doc. 175)("Intervention MOO").  In the Intervention MOO, the Court states:

> First, the Court concludes that it has jurisdiction over the sixty-nine Proposed Intervenors pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(4)(A) ("CAFA").  Second, the Named Plaintiffs' settlement agreement did not render the Proposed Intervenors claims moot, because their personal stake in the class -- and, therefore, an Article III case or controversy -- inhered at the action's beginning. Third, relief from the Final Judgment is not necessary for the Proposed Intervenors to intervene. Fourth, the Motion to Intervene was timely, even though the Court had already entered a Final Judgment, because intervention will not unduly prejudice the Defendants.

Intervention MOO at 2, 322 F.R.D. at 654.  The Court also determines, in the Intervention MOO, that a nonparty may, in certain circumstances, intervene into a case in which a final judgment has been entered.  See Intervention MOO at 55-56, 322 F.R.D. at 680.  The Court states:

> [T]he Proposed Intervenors need not disturb the Named Plaintiffs' Final Judgment in order to intervene; rather, they must first intervene before they can seek relief from the judgment.
>
> Because intervention is a precondition for a nonparty to make a rule 60(b) motion, not the other way around, the Court concludes that the Named Plaintiffs' Final Judgment presents no insurmountable obstacle to the Proposed Intervenors' Motion to Intervene.

Intervention MOO at 55-56, 322 F.R.D. at 680.  The Court did not make a determination regarding whether the intervening Plaintiffs could proceed, notwithstanding the Court's Final Judgment, without obtaining relief from that Final Judgment via a motion under rule 60(b) of the Federal Rules of Civil Procedure.  The Court also expressed its misgivings:

> The Court arrives at this conclusion with reservations.  First, the Court is skeptical that most motions to intervene after final judgment are timely, particularly here given that the Proposed Intervenors' attorneys also represent the Named Plaintiffs and therefore had a direct hand in reaching the settlement and entering the Final Judgment.  The Proposed Intervenors, therefore, could not have been taken by surprise and presumably were capable of making their motion before the Final Judgment was entered.  Second, the Court is not eager to deprive the Defendants of the benefit of that bargain: unlike the first settlements with the Original Plaintiffs, the Defendants took the rule 68 route with the Named Plaintiffs and deliberately negotiated for the Final Judgment.  See Offer of Judgment at 2 ("By accepting this Offer of Judgment, Plaintiffs agree to the entry of the attached form of final judgment.").  The Defendants have not expressly stated why they bargained for the Final Judgment, but it could be precisely for this moment.  One possibility is that, having unsuccessfully opposed the first motion to intervene, they figured a Final Judgment might make it harder for future intervenors.  Another possibility is that the Defendants may want to do some judge-shopping: they may prefer to shut the case down before the Court and defend against the remaining claims that are undoubtedly on the way before another judge in a separate case.  A third possibility is that they may want to force their opponents to file another case and pay another filing fee.  Finally, and most likely, the Defendants may want to take advantage of any applicable statute of limitations and cut down on damages.  See Tr. at 15:8-10 (Lowry)("[W]e believe there are some people in the proposed class, assuming this proceeds as a class

action, whose claims would be barred.").  By treating the Final Judgment like any other judgment -- i.e., not presuming that a post-final judgment intervention motion is untimely, or not requiring intervenors undo the final judgment via rule 60(b) before seeking intervention -- the Defendants may be deprived of the benefit of their bargain.  That outcome looks a lot like prejudice.  Also, simply ignoring rule 60(b)'s plain language, as the court does in United Airlines v. McDonald, seems misguided; rules should be construed like statutes, and under the rules of statutory construction, a statute's plain language should not be overlooked.  See Lamie v. U.S. Trustee, 540 U.S. 526, 534 (2004)("It is well established that when the statute's language is plain, the sole function of the courts -- at least where the disposition required by the text is not absurd -- is to enforce it according to its terms.").

With respect to prejudice, the Court shares Justice Powell's misgivings expressed in his dissent in United Airlines v. McDonald, 432 U.S. 385, 399-400 (Powell, J., dissenting).  The dissent asserted that allowing post-final judgment intervention in that case unduly prejudices the defendant, arguing that, because only named plaintiffs may appeal a certification denial, and the settlement ended the named plaintiffs' ability to appeal the denial, then no one remained to make the appeal -- not even an unnamed member of the putative class.  See 432 U.S at 399-400 (Powell, J., dissenting).  Thus, the dissent asserts, "[h]aving achieved a settlement of the case, [the defendant] was prejudiced by [the intervenor's] attempt to reopen the case."  432 U.S. at 399 (Powell, J., dissenting).  .  The majority, meanwhile, stated that the defendant "can hardly contend that its ability to litigate the issue was unfairly prejudiced simply because an appeal on behalf of putative class members was brought by one of their own, rather than by one of the original named plaintiffs."  432 U.S. at 394-95 (Powell, J., dissenting).  .

The Court also shares the dissent's skepticism of the majority's "casual treatment of the prejudice" to a putative class action defendant who settles with all named plaintiffs.  432 U.S. at 399 (Powell, J., dissenting).  Not only does the majority's approach risk prejudice to a defendant, but it does so by disregarding the judicial system's interest in settlements and finality, see 432 U.S. at 401 (Powell, J., dissenting)("The Court also ignores the important 'principle that (s)ettlement agreements are highly favored in the law and will be upheld whenever possible because they are a means of amicably resolving doubts . . . and preventing lawsuits.'" (quoting Pearson v. Ecological Sci. Corp., 522 F.2d 171, 176 (5th Cir. 1975))), and undermining public policy behind statute of limitations, see 432 U.S. 385, 400 (Powell, J., dissenting)("Considerations of policy militate strongly against the result reached by the Court. Our cases reflect a long tradition of respect for statutes of limitations and the values they serve.").

Intervention MOO at 59-60 n.18, 322 F.R.D. at 682 n.18.

Following the Intervention MOO, the parties' counsel began discussing a stipulated order to be filed in <u>Bell</u> vis-à-vis the Transfer Motion. On October 3, 2017, the Defendants' counsel wrote to the Plaintiffs' counsel:

> What are your thoughts, in light of your agreement to not oppose consolidation, on the parties filing a joint motion with Judge Garza asking to vacate the JSR deadline and the scheduling conference?

Email from Charles J. Vigil, to Christopher M. Moody and Repps D. Stanford at 3 (dated October 3, 2017), filed October 19, 2017 (Doc. 178-1). The Plaintiffs' counsel responded:

> On our call we said that we would not oppose consolidation so long as there is no appeal of the intervention order. Thinking about it, I don't think you would have an appeal anyway so assuming that you agree not to try an interlocutory appeal, we are not opposing consolidation. If we are not opposing consolidation I think it makes sense to ask Judge Garza to vacate the JSR/scheduling conference and we submit an order of consolidation and then proceed with case scheduling before Judge Browning. In our experience Judge Garza is pretty available by phone so we might want to approach it that way.

Email from Christopher M. Moody, to Charles J. Vigil and Repps D. Stanford at 3 (dated October 3, 2017), filed October 19, 2017 (Doc. 178-1). The Defendants responded: "Ok. Makes sense. We are not appealing the intervention order." Email from Charles J. Vigil, to Christopher M. Moody and Repps D. Stanford at 3 (dated October 3, 2017), filed October 19, 2017 (Doc. 178-1).

On October 4, 2017, the Defendants' counsel emailed the Plaintiffs' counsel a draft of the Stipulated Order, asking for the Plaintiffs' counsel's thoughts. <u>See</u> Email from Jeffrey L. Lowry, to Christopher M. Moody and Repps D. Stanford at 6 (dated October 4, 2017), filed October 19, 2017 (Doc. 178-1). The Plaintiffs' counsel responded: "The order looks fine except that we think it should refer to Rule 42(a)(2) rather than (a)(3). That's the part of the rule implicated in all the class cases involving consolidation that we have seen." Email from Christopher M. Moody, to Jeffrey L. Lowry and Repps D. Stanford at 6 (dated October 4, 2017), filed October

19, 2017 (Doc. 178-1).  The Defendants' counsel explained:

> The motion cited Rule 42(a)(3) because it allows the most flexibility given the unusual circumstances and status of the two cases.  Nevertheless, I don't know that we need to get hung up on the subparagraph.  If we revise the order to cite Rule 42 without reference to any particular part of that rule, would that be acceptable?

Email from Jeffrey L. Lowry, to Christopher M. Moody at 6 (dated October 4, 2017), filed October 19, 2017 (Doc. 178-1).  Later that day, Defendants' counsel emailed Plaintiffs' counsel: "Here are the motion and order to vacate the Bell deadlines and scheduling conference as well as the final version of the stipulated order on the motion to transfer case.  With your approval, I'll file / submit these today."  Email from Jeffrey L. Lowry, to Christopher M. Moody at 9 (dated October 4, 2017), filed October 19, 2017 (Doc. 178-1).  The Plaintiffs' counsel replied: "Looks good."  Email from Repps D. Stanford, to Jeffrey L. Lowry and Christopher M. Moody at 9-10 (dated October 4, 2017), filed October 19, 2017 (Doc. 178-1).  On the same day, the Plaintiffs filed the Complaint in this case, see Complaint at 1.

On October 6, 2017, the Honorable Kenneth J. Gonzalez, United States District Judge of the District of New Mexico, approved Bell, Stipulated Order Granting Defendants' Motion to Transfer Related Case to Honorable James O. Browning, filed October 6, 2017 (Doc. 15) ("Transfer Order").  The Transfer Order states that the "Plaintiffs do not oppose" Tri-State FlightCare's Motion to Transfer and that Judge Gonzalez grants the Motion to Transfer. Transfer Order at 1.  The Transfer Order concludes with the following: "Accordingly, pursuant to Rule 42 of the Federal Rules of Civil Procedure, IT IS HEREBY ORDERED that the above captioned case be transferred to the Honorable James O. Browning, who shall preside over all future proceedings."  Transfer Order at 1-2.

On October 16, 2017, the Plaintiffs' counsel's paralegal, Anne Chavez, spoke with the Court's Courtroom Deputy, Michelle Behning, to determine whether <u>Bell</u> and this case had been consolidated. <u>See</u> Declaration of Anne Chavez ¶¶ 4-6, at 1 (dated November 15, 2017), filed November 15, 2017 (Doc. 181-2)("Chavez Decl."). Behning "confirmed that the cases had not formally been consolidated, and suggested that a motion to consolidate be filed if that was the direction Counsel wished to take." Chavez Decl. ¶ 6, at 1. That same day, the Plaintiffs' counsel emailed the Defendants' counsel:

> My paralegal spoke with Michelle at Judge Browning's chambers this morning regarding consolidation. We filed our reply brief on Friday only in the Bell case because we have not received any order consolidating the two cases from Judge Browning (just the notice from the clerk reassigning the Bell case to Judge Browning). Michelle told us that the two cases (Bell and Bastian or whatever we are calling it now) are not consolidated and that if we want them consolidated we need to file a motion. What do you think?

Email from Christopher M. Moody, to Charles J. Vigil and Jeffrey L. Lowry at 10 (dated October 16, 2017), filed October 19, 2017 (Doc. 178-1). The Defendants' counsel responded:

> Many thanks. Not being party to your paralegal's ex parte communications with Judge Browning's chambers, it is difficult for me to comment. We filed a motion to **transfer** the Bell case to Judge Browning and that is what was approved by Judge Gonzales. And, that is what has happened -- the Bell case is no[w] assigned to Judge Browning. It was most certainly never a motion to consolidate. . . . In any event, we believe consolidation is improper. To the extent Plaintiffs are entertaining making of such a motion, please be advised that the Defendants oppose and will oppose any motion to consolidate the two cases.

Email from Charles J. Vigil, to Christopher M. Moody and Jeffrey L. Lowry at 10 (dated October 16, 2017), filed October 19, 2017 (Doc. 178-1)(emphasis in original).

### 1.    <u>The Motion to Consolidate.</u>

In the Motion to Consolidate, the Plaintiffs seek to consolidate <u>Bell</u> with this case. <u>See</u> Motion to Consolidate at 1. The Plaintiffs explain that the parties disagree about the Transfer

Order's meaning.[3]  See Motion to Consolidate at 1-2.  According to the Plaintiffs, the Transfer

Order consolidated the cases, because it was made pursuant to rule 42 of the Federal Rules of

Civil Procedure, and rule 42 relates to consolidating trials.  See Motion to Consolidate at 2, 5-6.

The Plaintiffs contend that, in their discussions with the Defendants drafting the Transfer Order,

the Plaintiffs understood that they were all on the same page that they were agreeing to

consolidate the cases.  See Motion to Consolidate at 3-4.  In any case, the Plaintiffs contend that

consolidation is proper, because the cases involve common questions of law or fact.  See Motion

to Consolidate at 3-4.

---

[3]The Transfer Order reads in full:

### STIPULATED ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER RELATED CASE TO HONORABLE JAMES O. BROWNING

This matter comes before the Court on Defendants' Motion to Transfer Related Case to Honorable James O. Browning (Doc. No. 11, filed Sept. 26, 2017), which requested that this Court transfer the above-captioned case to Judge Browning, who has been presiding over the related case of Bastian v. Tri-State Careflight, LLC and Blake A. Stamper, 1:14-CV-1044-JB-KBM ("Bastian"). Since the filing of that Motion, Judge Browning has entered a Memorandum Opinion and Order in Bastian granting a Motion to Intervene and Supplemental Motion to Intervene.  Bastian Mem. Op. and Order (Doc. No. 175, filed September 30, 2017).  In light of Judge Browning's order, Plaintiffs do not oppose the instant motion.

Having considered the motion and Judge Browning's order allowing intervention, and noting that the motion is now unopposed, the Court finds that motion is well-taken and should be GRANTED.  Accordingly, pursuant to Rule 42 of the Federal Rules of Civil Procedure, IT IS HEREBY ORDERED that the above captioned case be transferred to the Honorable James O. Browning, who shall preside over all future proceedings

Transfer Order at 1-2.

## 2.    __The Response to the Motion to Consolidate.__

The Defendants respond.  See Defendants' Response to Plaintiffs' Opposed Fed. R. Civ. P. 42(a)(1) & (a)(2) Motion to Consolidate, filed November 1, 2017 (Doc. 179)("Consolidation Response").   The Defendants contend that the Transfer Motion does not seek to consolidate cases, but "instead relied upon Rule 42(a)(3), which authorizes a court to 'issue any other orders to avoid unnecessary cost or delay.'"   Consolidation Response at 3 (quoting Fed. R. Civ. P. 42(a)(3)).  The Defendants assert that "an order transferring the case in circumstances like this is exactly the kind of order that avoids unnecessary cost and delay and that Rule 42(a)(3) authorizes."  Consolidation Response at 3-4.[4]

The Defendants assert that they did not request or agree to consolidate the cases.  See Consolidation Response at 5-7.   The Defendants contend that email exchanges between the parties' counsel do not demonstrate an agreement to consolidate cases.   See Consolidation Response at 5-7.   The Defendants assert that the "more fundamental point is that informal email discussions among counsel cannot substitute for court filings."   Consolidation Response at 6. The Defendants argue that the Transfer Order grants the Transfer Motion, which requests a transfer pursuant to rule 42(a)(3), and that the Transfer Order does not reference consolidation. See Consolidation Response at 6-7.

Next, the Defendants argue that the cases cannot be consolidated pursuant to rule 42(a)(1) or rule 42(a)(2), because this case is closed.  See Consolidation Response at 7.  The Defendants

---

[4]The Defendants also state that "counsel for the intervenors apparently contacted the clerk of the court and then this Court's staff, *ex parte*," to inquire about the Transfer Order, and that the Court's staff's refusal to confirm that the cases were consolidated "prompted the intervenors to file the instant Motion to Consolidate."  Consolidate Reply at 4.

contend that, until the Final Judgment is set aside, there is no case with which to consolidate. See Consolidation Response at 7-9.

### 3.     **The Motion to Strike.**

The Defendants filed their Motion to Strike in this case on November 1, 2017. <u>See</u> Motion to Strike at 1. In the Motion to Strike, the Defendants argue that the Court should dismiss the Complaint, because the case remains closed. <u>See</u> Motion to Strike at 4. According to the Defendants, the Plaintiffs may not file their Complaint until they convince the Court to set aside the Final Judgment. <u>See</u> Motion to Strike at 4-5. The Defendants contend that the Court should "strike or dismiss" the Complaint "on jurisdictional grounds" pursuant to rule 12(b)(1) of the Federal Rules of Civil Procedure, or pursuant to rule 12(b)(6) Federal Rules of Civil Procedure, because the Court cannot provide relief so long as the Final Judgment remains in place. Motion to Strike at 5.

### 4.     **The Motion to Consolidate Reply.**

The Plaintiffs replied to the Consolidation Response. <u>See</u> Plaintiffs' Reply to their Fed. R. Civ. P. 42(a)(1) & (a)(2) Motion to Consolidate, filed November 15, 2017 (Doc. 181) ("Consolidation Reply"). The Plaintiffs contend that the Transfer Order should be considered an agreement to consolidate cases, because rule 42 pertains to consolidation of cases and not to transfer of them. <u>See</u> Consolidation Reply at 1. The Plaintiffs dispute the Defendants' contention that consolidation cannot happen when a case is closed, because, the Plaintiffs argue, any action pursuant to rule 42(a) must involve "live 'actions before the court.'" Consolidation Reply at 1 (quoting Fed. R. Civ. P. 42(a)). The Plaintiffs also argue that the Court's Intervention MOO grants all of the Plaintiffs' requests in the Motion to Intervene and the Supp. Motion to Intervene, and those requests include "permission for Intervenors to substitute in as party

plaintiffs/class representatives and to file their proposed Third Amended Complaint."

Consolidation Reply at 2 (citing Intervention MOO at 60, 322 F.R.D. at 682).

The Plaintiffs contend:

What is going on here should be obvious: in a desperate effort to establish as many procedural roadblocks as possible, Defendants decided to change their litigation strategy, albeit belatedly, after parsing the Court's Memorandum Opinion and Order granting intervention. Their new position is this: yes, the Court granted the intervention motions and all of the reliefs (plural) requested therein, but that only gave Intervenors/Plaintiffs *standing* to file a Fed. R. Civ. P. 60 Motion; because they have yet to file such a motion seeking relief from the Final Judgment, the case remains closed, the Third Amended Complaint remains stuck in quicksand and consolidation cannot occur.

Consolidation Reply at 2-3. The Plaintiffs continue that

[i]t would be anomalous to hold that the Intervenors/Plaintiffs, who were permitted to intervene and file their own named complaint, now need to seek Rule 60 relief from the Final Judgment before being able to proceed. That judgment was only entered in favor of the five (5) prior plaintiffs and against Defendants, and did not directly implicate the Intervenors/Plaintiffs' claims or moot their respective cases/controversy, as found by this Court. Final Judgment should not serve as an obstacle to the procession of the nascent interests that inhered in the Intervenors/Plaintiffs' claims upon the filing of both the class complaint and class motions for certification and that were not rendered moot by the final judgment.

Consolidation Reply at 3.

The Plaintiffs argue that the Final Judgment does not "terminate[] the Court's jurisdiction and end[] the litigation," because, in the Intervention MOO, the Court held that the Final Judgment did not moot the intervenors' claims. Consolidation Reply at 4.

Next, the Plaintiffs assert that "[t]here were no improper *ex parte* communications" with the Court when a paralegal for the Plaintiffs contacted the Court's staff about the Transfer Order, because such contact is part of routine communication on "administrative" issues between counsel and the Court.[5] Consolidation Reply at 5.

_____

[5]The Court agrees with the Plaintiffs that their counsel's paralegal's contact with the Court's Courtroom Deputy was appropriate.

5.    **The Response to the Motion to Strike.**

The Plaintiffs respond to the Motion to Strike.  See Intervenors'/Plaintiffs' Response to Defendants' Motion to Strike or Dismiss Third Amended Complaint [Doc. 180], filed November 15, 2017 (Doc. 182)("Strike Motion Response").  The Plaintiffs argue that filing the Complaint was proper, because -- the Plaintiffs contend -- the Court's Intervention MOO establishes that the Plaintiffs may proceed with their claims without moving to set aside the Final Judgment.  See Strike Motion Response at 3-4.  The Plaintiffs contend that they do not seek to undo the Final Judgment, which resolves five Plaintiffs' individual claims "but did not affect the nascent class interests."  Strike Motion Response at 4-5.  The Plaintiffs also contend that the Defendants, in bringing the Motion to Strike, aim to keep the Plaintiffs' claims active in the sister proceeding Bell, which could mean that some Plaintiffs' and proposed class members' claims might be time barred.  See Strike Motion Response at 7 n2.  The Plaintiffs argue that the Defendants' "procedural shenanigans" are "contrary to the spirit and intent of the Federal Rules of Civil Procedure 'to secure the just, speedy, and inexpensive determination of every action and proceeding.'"  Strike Motion Response at 7 n.2 (quoting Fed. R. Civ. P. 1)).

6.    **The Reply to the Motion to Strike.**

The Defendants reply to the Motion to Strike Response.  See Reply in Support of Defendants' Motion to Strike or Dismiss Third Amended Complaint, filed December 6, 2017 (Doc. 186)("Strike Motion Reply").  The Defendants reply that, if there is any party engaging in creative procedural stratagems, it is the Plaintiffs, given that they

> filed a separate complaint that they concede is nearly identical to the Third Amended Complaint that is at issue in the instant motion, then agreed to transfer that lawsuit to the judge presiding over this lawsuit, and then filed a motion to consolidate the two complaints that they had filed separately.

Strike Motion Reply at 1.  The Defendants argue that the Intervention MOO's wording and the

authorities it cites indicate that the Plaintiffs must move to set aside the Final Judgment before proceeding in this case.  See Strike Motion Reply at 1-2 (citing Intervention MOO at 54-55, 322 F.R.D. 647, 681; United States v. Kentucky Utilities Co., 927 F.2d 252, 255 (6th Cir. 1991)). The Defendants contend that the Plaintiffs provide no authority for their "remarkable proposition" that "final judgments have no effect or relevance at all to potential class members who are allowed to intervene after the final judgment is entered."  Strike Motion Reply at 2.  The Defendants contend that the Court rejected a similar theory in a different case.  See Strike Motion at 3 (citing Thompson v. THI of New Mexico at Casa Arena, No. CIV05-1331, 2008 WL 5999653, at *1 (D.N.M. Dec. 24, 2008)(Browning, J.)).

**7.    The Hearing.**

The Court held a hearing on June 5, 2018.  See Draft Hearing Transcript (taken June 5, 2018)("Tr.").[6]  The Court began by stating that, when it drafted the Intervention MOO, it imagined that the intervenors would need to satisfy rule 60 to set aside the Final Judgment before proceeding on their claims.  See Tr. at 3:25-4:10 (Court).  The Court added that it "doesn't see any real harm in allowing" the cases to be consolidated.  Tr. at 4:20-23 (Court).  Turning to the Motion to Strike, the Court stated that it did not see a problem with leaving the Complaint alone for now until the Court determines whether the Plaintiffs may proceed despite the Final Judgment.  See Tr. at 4:24-5:12 (Court).

The Plaintiffs stated that, if the Court is comfortable consolidating the cases and then "seeing how a rule 60 motion plays out, . . . we're perfectly fine with that approach."  Tr. at 5:25-6:5 (Stanford).  The Defendants asked about the "practical effect" of consolidating a case,

---

[6]The Court's citations to the hearing transcript refer to the court reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

and the Court stated that "we simply call these cases together anytime we schedule anything[;] we indicate [they are] together until we get it resolved."  Tr. at 6:11-18 (Lowry, Court).  The Court added that, if it does not open the closed case, "then I'm not sure that it has any important consequences at all."  Tr. at 6:18-22 (Court).

The Defendants addressed the Motion to Strike and stated that allowing the Complaint to remain on the docket seems inconsistent with how the Court handled a similar issue in Thompson v. THI of New Mexico at Casa Arena, 2008 WL 5999653, at *1, and also raised questions regarding the Defendants' procedural responsibilities, such as whether it would have to answer the Complaint.  See Tr. at 6:25-7:20 (Lowry).  The Court responded that, if it left the Complaint on the docket, the Court would not require the Defendants to answer it until the rule 60 issue is resolved.  See Tr. at 7:21-8:1 (Court).  The Plaintiffs agreed with that approach.  See Tr. at 8:2-6 (Stanford).

## LAW REGARDING MOTIONS TO STRIKE

Rule 12(f) of the Federal Rules of Civil Procedures provides:

> **(f) Motion to Strike.** The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
>
> > (1) on its own; or
> >
> > (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Fed. R. Civ. P. 12(f).  Professors Charles Alan Wright and Arthur Miller have recognized, however, that such motions are not favored and, generally, should be denied:

> The district court possesses considerable discretion in disposing of a Rule 12(f) motion to strike redundant, impertinent, immaterial, or scandalous matter. However, because federal judges have made it clear, in numerous opinions they have rendered in many substantive contexts, that Rule 12(f) motions to strike on

any of these grounds are not favored, often being considered purely cosmetic or "time wasters," there appears to be general judicial agreement, as reflected in the extensive case law on the subject, that they should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy . . . .

5C C. Wright & A. Miller, Federal Practice & Procedure § 1382, at 433-36 (3d. ed. 2004)(footnotes omitted). Accord Burget v. Capital W. Sec., Inc., 2009 WL 4807619, at *1 (W.D. Okla. December 8, 2009)(Miles-LaGrange, C.J.)(citing Scherer v. U.S. Dep't of Educ., 78 F. App'x 687, 689 (10th Cir. 2003)(unpublished))[7]("While motions to strike are generally disfavored, the decision to grant a motion to strike is within the discretion of the court.")).

"'Allegations will not be stricken as immaterial under this rule unless they have no possible bearing on the controversy.'" Estate of Gonzales v. AAA Life Ins. Co., 2012 WL 1684599, at *5 (D.N.M. May 8, 2012)(Browning, J.)(quoting Sai Broken Arrow C, LLC v. Guardian Emergency Vehicles, Inc., 2010 WL 132414, at *5 (N.D. Okla. January 8, 2010) (Egan, J.)). Professors Wright and Miller have also commented on what constitutes "immaterial"

---

[7]Scherer v. U.S. Dep't of Educ. is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A) ("Unpublished opinions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated:

In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005)(citations omitted). The Court concludes that Scherer v. U.S. Dep't of Educ., Pevehouse v. Scibana, 229 F. App'x 795 (10th Cir. 2007)(unpublished), Searcy v. Soc. Sec. Admin., 956 F.2d 278, 1992 WL 43490 (10th Cir. 1992)(unpublished table decision), and In re Hopkins, 162 F.3d 1173, 1998 WL 704710 (10th Cir. 1998)(unpublished table decision)), have persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

matter in the context of a motion to strike.  See 5C Wright & Miller, supra, § 1382, at 458-60 (footnotes omitted).  "'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded, or a statement of unnecessary particulars in connection with and descriptive of that which is material." 5C Wright & Miller, supra, § 1382, at 458-60 (footnotes omitted).

Moreover, "[o]nly material included in a 'pleading' may be the subject of a motion to strike, and courts have been unwilling to construe the term broadly.  Motions, briefs, . . . memoranda, objections, or affidavits may not be attacked by the motion to strike." Dubrovin v. Ball Corp. Consol. Welfare Ben. Plan for Emps., 2009 WL 5210498, at *1 (D. Colo. Dec. 23, 2009)(Wiley, J.).  Accord Ysais v. N.M. Judicial Standard Comm'n, 616 F. Supp. 2d 1176, 1184 (D.N.M. 2009)(Browning, J.)("Ysais")(citing Searcy v. Soc. Sec. Admin., 956 F.2d 278, 1992 WL 43490, at *1, *4 (10th Cir. 1992)(unpublished table decision))("Generally . . . motions, briefs, and memoranda may not be attacked by a motion to strike.").  "The Federal Rules of Civil Procedure define 'pleadings' as a complaint or third-party complaint; an answer to a complaint, a third-party complaint, a counterclaim, or a crossclaim; and, 'if the court orders one, a reply to an answer.'"  Ysais, 616 F. Supp. 2d at 1184 (quoting Fed. R. Civ. P. 7(a)).

"Striking a pleading or part of a pleading is a drastic remedy and because a motion to strike may often be made as a dilatory tactic, motions to strike under Rule 12(f) generally are disfavored."  Estate of Gonzales v. AAA Life Ins. Co., 2012 WL 1684599, at *5 (quoting Sai Broken Arrow C, LLC v. Guardian Emergency Vehicles, Inc., 2010 WL 132414, at *5)(internal quotation marks omitted)).  "The exception to this principle is that a Court may 'choose to strike a filing that is not allowed by local rule, such as a surreply filed without leave of court.' " Ysais, 616 F. Supp. 2d at 1184 (citing In re Hopkins, 162 F.3d 1173, 1998 WL 704710, at *3 n.6 (10th

Cir. 1998)(unpublished table decision)).

For example, in <u>Skyline Potato Co., Inc. v. Hi–Land Potato Co., Inc.</u>, 2012 WL 6846386 (D.N.M. December 31, 2012)(Browning, J.), the Court denied a motion to strike a letter filed with the Court, because the letter was not a pleading, and did not pertain to either party's legal defenses or arguments; the letter expressed one party's position regarding whether the Court should rule on summary judgment motions pending at the close of a bench trial. <u>See</u> 2012 WL 6846386, at *6. Similarly, in <u>Great Am. Ins. Co. v. Crabtree</u>, No. CIV 11-1129, 2012 WL 3656500 (D.N.M. August 23, 2012)(Browning, J.), the Court denied a plaintiff's motion to strike exhibits attached to the defendant's motion to dismiss, because they were neither pleadings nor irrelevant. <u>See</u> 2012 WL 3656500, at *18. In <u>Applied Capital, Inc. v. Gibson</u>, No. CIV 05-0098, 2007 WL 5685131 (D.N.M. 2007)(Browning, J.), the Court refused the plaintiff's request to strike a motion to dismiss, because rule 12(f) applies only to pleadings and not to a motion to dismiss. <u>See</u> 2007 WL 5685131, at *18. In <u>Estate of Anderson v. Denny's, Inc.</u>, 291 F.R.D. 622, 635 (D.N.M. 2013)(Browning, J.), the Court denied the plaintiff's request to strike a notice of completion of briefing for similar reasons. <u>See</u> 291 F.R.D. at 635.

## <u>LAW REGARDING RULE 12(b)(1)</u>

"Federal courts are courts of limited jurisdiction; they are empowered to hear only those cases authorized and defined in the Constitution which have been entrusted to them under a jurisdictional grant by Congress." <u>Henry v. Office of Thrift Supervision</u>, 43 F.3d 507, 511 (10th Cir. 1994)(citations omitted). A plaintiff generally bears the burden of demonstrating the court's jurisdiction to hear his or her claims. <u>See</u> <u>Steel Co. v. Citizens for a Better Env't</u>, 523 U.S. 83, 104 (1998)("[T]he party invoking federal jurisdiction bears the burden of establishing its existence."). Rule 12(b)(1) allows a party to raise the defense of the court's "lack of jurisdiction

over the subject matter" by motion. Fed. R. Civ. P. 12(b)(1). The United States Court of

Appeals for the Tenth Circuit has held that motions to dismiss for lack of subject-matter

jurisdiction "generally take one of two forms: (1) a facial attack on the sufficiency of the

complaint's allegations as to subject-matter jurisdiction; or (2) a challenge to the actual facts

upon which subject matter jurisdiction is based." Ruiz v. McDonnell, 299 F .3d 1173, 1180

(10th Cir. 2002).

> On a facial attack, a plaintiff is afforded safeguards similar to those provided in
> opposing a rule 12(b)(6) motion: the court must consider the complaint's
> allegations to be true. See Ruiz v. McDonnell, 299 F.3d at 1180; Williamson v.
> Tucker, 645 F.2d 404, 412 (5th Cir. 1981). But when the attack is aimed at the
> jurisdictional facts themselves, a district court may not presume the truthfulness
> of those allegations. A court has wide discretion to allow affidavits, other
> documents, and a limited evidentiary hearing to resolve disputed jurisdictional
> facts under Rule 12(b)(1). In such instances, a court's reference to evidence
> outside the pleadings does not convert the motion to a Rule 56 motion.

Hill v. Vanderbilt Capital Advisors, LLC, No. CIV 10-0133, 2011 WL 6013025, at *8 (D.N.M.

Sept. 30, 2011)(Browning, J.)(quoting Alto Eldorado Partners v. City of Santa Fe, 2009 WL

1312856, at *8-9). The United States Court of Appeals for the Fifth Circuit has stated:

> [T]he trial court may proceed as it never could under 12(b)(6) or Fed. R. Civ. P.
> 56. Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction --
> its very power to hear the case -- there is substantial authority that the trial court is
> free to weigh the evidence and satisfy itself as to the existence of its power to hear
> the case. In short, no presumptive truthfulness attaches to plaintiff's allegations,
> and the existence of disputed material facts will not preclude the trial court from
> evaluating for itself the merits of jurisdictional claims.

Williamson v. Tucker, 645 F.2d 404, 412-13 (5th Cir. 1981)(quoting Mortensen v. First Fed.

Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)).

When making a rule 12(b)(1) motion, a party may go beyond the allegations in the

complaint to challenge the facts upon which jurisdiction depends, and may do so by relying on

affidavits or other evidence properly before the court. See New Mexicans for Bill Richardson v.

Gonzales, 64 F.3d 1495, 1499 (10th Cir. 1995); Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995). In those instances, a court's reference to evidence outside the pleadings does not necessarily convert the motion to a rule 56 motion for summary judgment. See Holt v. United States, 46 F.3d at 1003 (citing Wheeler v. Hurdman, 825 F.2d 257, 259 n.5 (10th Cir. 1987)). Where, however, the court determines that jurisdictional issues raised in a rule 12(b)(1) motion are intertwined with the case's merits, the court should resolve the motion under either rule 12(b)(6) of the Federal Rules of Civil Procedure or rule 56 of the Federal Rules of Civil Procedure. See Franklin Sav. Corp. v. United States, 180 F.3d 1124, 1129 (10th Cir. 1999); Tippett v. United States, 108 F.3d 1194, 1196 (10th Cir. 1997). "When deciding whether jurisdiction is intertwined with the merits of a particular dispute, 'the underlying issue is whether resolution of the jurisdictional question requires resolution of an aspect of the substantive claim.'" Davis ex rel. Davis v. United States, 343 F.3d 1282, 1296 (10th Cir. 2003)(quoting Sizova v. Nat'l Inst. of Standards & Tech., 282 F.3d 1320, 1324 (10th Cir. 2002)).

## LAW REGARDING RULE 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." Mobley v. McCormick, 40 F.3d 337, 340 (10th Cir. 1994). The complaint's sufficiency is a question of law, and, when considering a rule 12(b)(6) motion, a court must accept as true the complaint's well-pled factual allegations, view those allegations in the light most favorable to the nonmoving party, and draw all reasonable inferences in the plaintiff's favor. See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007)("[O]nly if a reasonable person could not

draw . . . an inference [of plausibility] from the alleged facts would the defendant prevail on a motion to dismiss."); Smith v. United States, 561 F.3d 1090, 1098 (10th Cir. 2009)("[F]or purposes of resolving a Rule 12(b)(6) motion, we accept as true all well-pled factual allegations in a complaint and view these allegations in the light most favorable to the plaintiff.")(citing Moore v. Guthrie, 438 F.3d 1036, 1039 (10th Cir. 2006)).

A complaint need not set forth detailed factual allegations, yet a "pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 550 U.S. at 555.

To survive a motion to dismiss, a plaintiff's complaint must contain sufficient facts that, if assumed to be true, state a claim to relief that is plausible on its face. See Bell Atl. Corp. v. Twombly, 550 U.S. at 570; Mink v. Knox, 613 F.3d 995, 1000 (10th Cir. 2010). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. at 556). "Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complainant must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." Ridge at Red Hawk, LLC

v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007)(emphasis omitted). The Tenth Circuit has stated:

> "[P]lausibility" in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible." The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.

Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008)(citations omitted)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 570). See Gallegos v. Bernalillo Cty. Board of Cty. Comm'rs, 278 F. Supp. 3d 1245, 1258, 2017 WL 4402422, at *9 (D.N.M. 2017)(Browning, J.).

"When a party presents matters outside of the pleadings for consideration, as a general rule 'the court must either exclude the material or treat the motion as one for summary judgment.'" Brokers' Choice of America, Inc. v. NBC Universal, Inc., 861 F.3d 1081, 1103 (10th Cir. 2017)(quoting Alexander v. Oklahoma, 382 F.3d 1206, 1214 (10th Cir. 2004)). There are three limited exceptions to this general principle: (i) documents that the complaint incorporates by reference, see Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); (ii) "documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity," Jacobsen v. Deseret Book Co., 287 F.3d at 941; and (iii) "matters of which a court may take judicial notice," Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. at 322. See Brokers' Choice of America, Inc. v. NBC Universal, Inc., 861 F.3d at 1103 (holding that the district court did not err by reviewing a seminar recording and a TV episode on a rule 12(b)(6) motion, which were "attached to or referenced in the amended complaint," central to the plaintiff's claim, and "undisputed as to their accuracy and authenticity"). "[T]he court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record." Van Woudenberg v. Gibson, 211

F.3d 560, 568 (10th Cir. 2000), <u>abrogated on other grounds by</u> <u>McGregor v. Gibson</u>, 248 F.3d 946, 955 (10th Cir. 2001).

In <u>Gee v. Pacheco</u>, 627 F.3d 1178 (10th Cir. 2010), the defendants "supported their motion with numerous documents, and the district court cited portions of those motions in granting the [motion to dismiss]." 627 F.3d at 1186. The Tenth Circuit held that "[s]uch reliance was improper," and that, even if "the district court did not err initially in reviewing the materials, the court improperly relied on them to refute Mr. Gee's factual assertions and effectively convert the motion to one for summary judgment." 627 F.3d at 1186-87. In other cases, the Tenth Circuit has emphasized that, "[b]ecause the district court considered facts outside of the complaint, however, it is clear that the district court dismissed the claim under Rule 56(c) and not Rule 12(b)(6)." <u>Nard v. City of Okla. City</u>, 153 F. App'x 529, 534 n.4 (10th Cir. 2005)(unpublished). In <u>Douglas v. Norton</u>, 167 F. App'x 698 (10th Cir. 2006)(unpublished), the Tenth Circuit addressed an untimely filed charge with the Equal Employment Opportunity Commission -- which the Tenth Circuit analogized to a statute of limitations analysis -- and concluded that, because the requirement is not jurisdictional, the district court should have analyzed the question under rule 12(b)(6), and "because the district court considered evidentiary materials outside of Douglas' complaint, it should have treated Norton's motion as a motion for summary judgment." 167 F. App'x at 704-05.

The Court has previously ruled that, when a plaintiff references and summarizes defendants' statements in a complaint, the Court cannot rely on documents containing those statements that the Defendant's attach in their briefing. <u>See</u> <u>Mocek v. City of Albuquerque</u>, 2013 WL 312881, at *50-51 (D.N.M. Jan. 14, 2013)(Browning, J.). The Court reasoned that the statements were neither incorporated by reference nor central to the plaintiff's allegations in the

complaint, because the plaintiff cited the statements only to attack the Defendant's reliability and truthfulness. See 2013 WL 312881, at *50-51. The Court has also previously ruled that, when determining whether to toll a statute of limitations in an action alleging fraud and seeking subrogation from a defendant, the Court may not use interviews and letters attached to a motion to dismiss, which show that a plaintiff was aware of the defendant's alleged fraud before the statutory period expired. See Great Am. Co. v. Crabtree, 2012 WL 3656500, at *3, *22-23 (D.N.M. Aug. 23, 2012)(Browning, J.)("Crabtree"). The Court in Crabtree determined that the documents did not fall within any of the Tenth Circuit's exceptions to the general rule that a complaint must rest on the sufficiency of its contents alone, as the complaint did not incorporate the documents by reference or refer to the documents. See 2012 WL 3656500, at *22-23; Mocek v. City of Albuquerque, 2013 WL 312881, at *50 (refusing to consider statements that were not "central to [the plaintiff's] claims").

On the other hand, in a securities class action, the Court has ruled that a defendant's operating certification, to which plaintiffs referred in their complaint, and which was central to whether the plaintiffs adequately alleged a loss, fell within an exception to the general rule, so the Court could consider the operating certification when ruling on the defendant's motion to dismiss without converting the motion into one for summary judgment. See Genesee Cty. Emps.' Retirement Sys. v. Thornburg Mortg. Secs. Trust 2006-3, 825 F. Supp. 2d 1082, 1150-51 (D.N.M. 2011)(Browning, J.); Mata v. Anderson, 760 F. Supp. 2d 1068, 1101 (D.N.M. 2009)(Browning, J.)(relying on documents outside of the complaint, because they were "documents that a court can appropriately view as either part of the public record, or as documents upon which the Complaint relies, and the authenticity of which is not in dispute"); S.E.C. v. Goldstone, 952 F. Supp. 2d 1060, 1217-18 (D.N.M. 2013)(Browning, J.)(considering,

on a motion to dismiss, electronic mail transmissions referenced in the complaint as "documents referred to in the complaint," which are "central to the plaintiff's claim" and whose authenticity the plaintiff did not challenge).

## LAW REGARDING RULE 42(a)

Rule 42 of the Federal Rules of Civil Procedure provides: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). In deciding whether to grant a motion to consolidate, the court should initially consider whether the cases to be consolidated involve a common question of law or fact. See Servants of the Paraclete v. Great American Insurance Co., 866 F. Supp. 1560, 1572 (D.N.M. 1994)(Burciaga, J.). If there is a common question, the court should weigh the interests of judicial convenience in consolidating the cases against the delay, confusion, and prejudice that consolidation might cause. See Servants of the Paraclete v. Great American Insurance Co., 866 F. Supp. at 1572. The party moving for consolidation bears the burden of demonstrating that consolidation is desirable. See Servants of the Paraclete v. Great American Insurance Co., 866 F. Supp. at 1572.

Consolidation does not result in a merger of separate suits into a single cause of action. See Harrison v. Ill-Cal. Esp., Inc., 687 F.2d 1361 (10th Cir. 1982).

> "[C]onsolidation does not cause one civil action to emerge from two; the actions do not lose their separate identity; the parties to one action do not become parties to the other" . . . Instead, consolidation is an artificial link forged by a court for the administrative convenience of the parties, it fails to erase the     fact        that, underneath consolidation's façade, lie two individual cases.

Chaara v. Intel Corp., 410 F. Supp. 2d 1080, 1089, 1094 (D.N.M. 2005)(Browning, J.)(quoting McKenzie v. United States, 678 F.2d 571, 574 (5th Cir. 1982)).

The Court has broad discretion in determining whether to consolidate cases.  See Gillette Motor Transp., Inc. v. N. Okla. Butane Co., 179 F.2d 711 (10th Cir. 1950).  Consolidation is a question of convenience and economy in judicial administration, and the court is given broad discretion to decide whether consolidation under rule 42(a) would be desirable, and the district judge's decision inevitably is highly contextual.  See 9A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Richard L. Marcus & Adam N. Steinman, Federal Practice & Procedure, Civil § 2383 at 26-31 (3d ed. 2008).  A court's decision to grant or deny consolidation is reviewed for abuse of discretion and a court's denial of a party's request to consolidate will be affirmed on appeal absent clear error or exigent circumstances.  See Skirvin v. Mesta, 141 F.2d 668, 672 (10th Cir. 1944); Am. Emp'rs Ins. Co. v. Bottger, 545 F.2d 1265 (10th Cir. 1976).

## ANALYSIS

The Court concludes that the Transfer Order transferred Bell from Judge Gonzalez to the Court, but it did not consolidate the two cases.  The Court concludes that it will, nonetheless, grant the Motion to Consolidate, because Bell and this case involve identical facts and issues, and consolidating the cases is in the interest of judicial convenience.  The Court concludes that a case being closed is not an absolute barrier to consolidation.  Moreover, that the Court entered a Final Judgment in this case does not preclude consolidating the cases as a matter of law, because the Court can soundly consolidate an active case with a closed one when doing so is in the interest of judicial convenience.  Finally, the Court denies the Motion to Strike.  The Court will allow the Plaintiffs to make a rule 59 or a rule 60 motion to set aside the Final Judgment -- or convince the Court that setting aside the Final Judgment is not necessary -- and that decision will determine whether the Complaint is operative.

# I.    THE TRANSFER ORDER DID NOT CONSOLIDATE THE CASES.

The Transfer Order did not consolidate the cases.  Although the Transfer Order refers to rule 42(a), and rule 42(a)(2) refers to consolidation, the Transfer Order grants the Defendants' Transfer Motion, and the Transfer Motion asks Judge Gonzalez to enter an order pursuant to rule 42(a)(3) transferring -- and not consolidating -- the case.[8]

According to the Plaintiffs, once the Court entered the Intervention MOO, the Plaintiffs and the Defendants agreed that the Plaintiffs would stipulate to consolidation of <u>Bell</u> and this case, and the Defendants would not seek an interlocutory appeal of the Intervention MOO.  <u>See</u> Motion to Consolidate at 3.  The Plaintiffs explain what happened next:

> In examining the initial draft of the stipulated Rule 42 Order, Plaintiffs' counsel advised Defendants' counsel that the proposed Order looked fine "except that we think it should refer to Rule 42(a)(2) rather than (a)(3).  That's the part of the rule implicated in all the class cases involving consolidation that we have seen."  *See October 4, 2017 email exchanges, which is Exhibit 3 to the CMM Declaration attached hereto.*  In response, Defendants' counsel advised that Defendants' Rule 42 motion only cited 42(a)(3) because it was believed to contain the most flexibility, but indicated "[n]evertheless, I don't know that we need to get hung up on the subparagraph."  Id. (emphasis added).  He then inquired as to whether or not revising the Order to cite Rule 42 "without any reference to any particular part of that rule" would be acceptable.  Plaintiffs' counsel indicated that the proposed

---

[8]Rule 42(a) states:

If actions before the court involve a common question of law or fact the court may:

> (1)    join for hearing or trial any or all matters at issue in the actions;
>
> (2)    consolidate the actions; or
>
> (3)    issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a).

> Order, with a general reference to Rule 42, was acceptable. *See October 4, 2017 email exchanges, which is Exhibit 4 to the CMM Declaration attached hereto.*

Motion to Consolidate at 3-4 (quoting Email from Chris Moody, to Charles Vigil at 1 (dated October 4, 2017), filed October 19, 2017 (Doc. 178-1); Email from Jeffrey Lowry, to Chris Moody at 1 (dated October 4, 2017), filed October 19, 2017 (Doc. 178-1)). The parties now disagree to what it is they agreed. The Plaintiffs understood the Transfer Order as an order to consolidate. <u>See</u> Motion to Consolidate at 4. The Defendants contend that they never agreed to consolidate. <u>See</u> Consolidation Response at 9. <u>See</u> <u>id.</u> at 5 ("If Defendants had intended to seek consolidation . . . under Rule 42(a)(1) or (a)(2), Defendants would have cited those sub-paragraphs . . . and they would have called their motion a motion to consolidate.").

The Court agrees with the Plaintiffs that the Defendants, in the email exchanges discussing the Transfer Order draft, convey less certainty than they does now as to the Transfer Order's precise procedural character. <u>See</u>, <u>e.g.</u>, Email from Jeffrey Lowry, to Chris Moody at 1 (dated October 4, 2017), filed October 19, 2017 (Doc. 178-1)("I don't know that we need to get hung up on the subparagraph."). The parties' emails discussing the Transfer Order cannot, however, override that order's plain meaning. The Transfer Order grants the Defendant's Transfer Motion. <u>See</u> Transfer Order at 1 ("[T]he Court finds that motion is well-taken and should be GRANTED."). The Transfer Motion plainly states in its first sentence that its motion to transfer is made "[p]ursuant to Rule 42(a)(3)." Transfer Motion at 1. Although the parties collaborated to draft the Transfer Order, Judge Gonzalez approved and entered the Transfer Order and not the parties' discussions regarding the Transfer Order, so the Court cannot soundly replace that order's text with the parties' private understandings regarding the order's content.

Judge Gonzalez would have been well within his sound discretion to consolidate these cases pursuant to rule 42(a)(2), but he did not do so.[9]

## II.    THE COURT WILL CONSOLIDATE THE CASES.

The Defendants' victory vis-à-vis construing the Transfer Order is short-lived, however, because the Court can and will consolidate Bell with this case pursuant to rule 42(a)(2), even though the Transfer Order did not do so. In determining whether to consolidate cases, courts first consider whether the cases involve common questions of law or fact. Bell and this case

---

[9]Rule 42(a)(3) is commonly used to designate a lead counsel in a complex case, see, e.g., Malden Transportation, Inc. v. Uber Techs., Inc., 323 F.R.D. 118 (D. Mass. 2017), or manage discovery in some way, see, e.g., Varnado v. Leblanc, No. 3:13-00348, 2016 WL 320146, at *3 (M.D. La. Jan. 25, 2016). The Court could not uncover a case transferring -- but not consolidating --- a case from one judge to another within a district via rule 42(a)(3), but at least one court has envisioned the possibility. See, e.g., Gagan v. Estate of Sharar, No. 2:08-0018, 2008 WL 2810978, at *2 n.4 (D. Ariz. July 18, 2008)(Broomfield, J.)(stating that the plaintiff's motion to transfer under rule 42(a)(1) is "questionable," but that the motion "[a]rguably . . . comes within the ambit of subsection three"). In Gagan v. Estate of Sharar, the plaintiff moved to transfer under rule 42(a)(1) and under the District of Arizona's local rules, which expressly provides for motions to transfer a case from one judge to another within a district. See Gagan v. Estate of Sharar, 2008 WL 2810978, at *2 (citing Arizona L.R.Civ. 42.1(a)(1)). Arizona L.R.Civ. 42.1(a) provides:

> When two or more cases are pending before different Judges, a party in any of those cases may file a motion to transfer the case or cases to a single Judge on the ground that the cases: (1) arise from substantially the same transaction or event; (2) involve substantially the same parties or property; (3) involve the same patent, trademark, or copyright; (4) call for determination of substantially the same questions of law; or (5) for any other reason would entail substantial duplication of labor if heard by different Judges.

Arizona L.R.Civ. 42.1(a). The District New Mexico's local rules, however, has no such provision. Despite having no express rule under the Federal Rules of Civil Procedure or the District of New Mexico's local rules for transferring a case to another judge within the same district, the Court is confident that such a transfer is appropriate under rule 42(a)(3), because that rule grants courts broad power to issue "any order" necessary to "avoid unnecessary cost or delay," and because transferring cases between judges is something that routinely happens in the District of New Mexico -- the tradition and practice has been to consolidate the cases with the highest numbers into the one with the lowest numbers.

involve such questions, because the two cases are practically identical.  The Complaint in Bell asserts the same causes of action as this case's Complaint asserts.  Compare Bell v. Tri-State CareFlight, LLC, No. CIV 17-0796, Representative and Class Action Complaint ¶¶ 94-127, at 12-77, filed August 3, 2017 (Doc. 1)("Bell Complaint")(seeking damages and alleging that the Defendants violated the NMMWA and were unjustly enriched by not paying its employees overtime), with Complaint ¶¶ 95-128, at 12-17 (same).  The named Plaintiffs in this case and in Bell are almost identical.[10]  See Complaint at 1; Bell Complaint at 1.  No party disputes that these cases have common questions of law or fact.  See Consolidation Reply at 5-6 (arguing that the two cases raise "identical" questions of facts and law); Consolidation Response at 5 (not disputing that the cases raise similar questions of fact and law, but arguing that consolidation is nonetheless inappropriate in light of the Final Judgment's entry).

Next, the Court weighs the interests of judicial convenience in consolidating the cases against the delay, confusion, and prejudice that consolidation might cause.  See Servants of the Paraclete v. Great American Insurance Co., 866 F. Supp. at 1572.  The Court concludes that consolidating the cases will be judicially convenient.  Given that the facts, parties, and legal claims are virtually identical, consolidating the cases would be the most efficient way forward.  The Court does not see how consolidation could cause delay or prejudice; there appears to be no upside to keeping these cases separate.  Consolidating a live case into a closed one may be

---

[10]According to the Complaints' captions, sixty-four people are named Plaintiffs in both this case and in Bell; six people -- Shailendra Basnet, Michael Castro, Shane Herron, Erin Johnson, Ron McDearmid, and Jennifer Valdez -- are named Plaintiffs in this case but not in Bell, see Complaint at 1; four people -- Lon Enos, Marquez Orlando, and Salazar Lauren -- are named Plaintiffs in Bell but not in this case, see Bell Complaint at 1.

uncommon,[11] but adjudicating practically identical cases separately would not help clear up anything.

Despite the similar factual and legal questions between these cases, the Defendants contend that consolidation is, nonetheless, inappropriate, because the Court has entered a Final Judgment in this case. See Consolidation Response at 7-9. The Defendants argue that "a case that is terminated pursuant to a final judgment cannot be consolidated with an active case, regardless of how similar (indeed, overlapping) the claims, defenses, and parties may be." Consolidation Response at 5. The Defendants' position is that the Court's Final Judgment means that there is no action before the court with which Bell can be consolidated. See Consolidation Response at 7-9. See also Fed. R. Civ. P. 42(a) (listing procedural options available for "actions before the court"). The Defendants' contend that, once a court enters a final judgment, nothing else can happen in the case unless and until the final judgment is set aside. See Consolidation Response at 8-9 (citing Rekstad v. First Bank Sys., 238 F.3d 1259, 1261 (10th Cir. 2001); United States v. Kentucky Utilities Co., 927 F.2d 252, 255 (6th Cir. 1991)); Pedroza v. Lomas Auto Mall, Inc., 304 F.R.D. 307, 333 (D.N.M. 2014)(Browning, J.); Thompson v. THI of New Mexico at Casa Arena, 2008 WL 5999653, at *28).

Consolidating an active case with one in which Final Judgment has been entered is permissible, but rarely appropriate. See, e.g., Shelton v. MRIGlobal, No. 11-CV-02891, 2014 WL 793464, at *2 (D. Colo. Feb. 26, 2014)(Brimmer, J.)("Courts are reluctant to consolidate a pending case with a case where a final judgment has been entered, unless the final judgment is

_____

[11]The parties agree that this case's procedural saga has been "tortuous." Motion to Consolidate at 1 ("The Court should be familiar with the tortuous history of this lawsuit."); Consolidation Response at 2 ("The intervenors and Defendants agree that this case has a 'tortuous' procedural history").

first vacated."); <u>Washington v. Brumbaugh & Quandahl, P.C., LLO.</u>, No. 8:15CV444, 2016 WL 1435665, at *3 (D. Neb. Apr. 11, 2016)(Strom, J.), <u>on reconsideration,</u> No. 8:15CV444, 2016 WL 4734393 (D. Neb. Sept. 9, 2016); <u>Tormasi v. Hayman</u>, No. CIV. 3:08-CV-4950, 2009 WL 3335059, at *3 (D.N.J. Oct. 15, 2009)(Thompson, J)(concluding that consolidating an active case with a closed case would not "promote the administration of justice"). <u>But</u> <u>see</u> <u>Abels v. Skipworth</u>, No. C10-5033BHS, 2010 WL 2376230, at *1 (W.D. Wash. June 9, 2010)(concluding that the plaintiff's request to consolidate a case with a prior closed case is "misplaced," because rule 42(a) applies to actions before the court, and the plaintiff's prior case "is no longer an action before the Court"). Here, however, these cases' unique circumstances satisfy the Court that consolidation would help the parties resolve their disputes most efficiently. Although the Court has entered Final Judgment in this case, the Court recently granted motions to intervene, restocking this case's docket with sixty-nine fresh named Plaintiffs. Whether they can or must undo the Final Judgment via a rule 59 or 60 motion before proceeding any further remains to be seen, but given that the Court has already allowed intervention, there is enough life in the case for consolidation to be a useful and efficient tool. That low bar is enough for the Court to file documents in a docket in a consolidated case rather than keeping them separate. When the Court has consolidated cases in the past, it has occasionally had to dismiss one of the cases and enter final judgment; yet the cases remain consolidated in a consolidation caption and the Court does not "unconsolidate" the cases. Here, the only difference is that the Court entered a final judgment in this case before consolidating the cases rather than entering final judgment after the consolidation order. In any event, the Court concludes that consolidating the cases will help avoid unnecessary costs and economize the Court's resources, notwithstanding the final judgment.

### III.    THE COURT DENIES THE MOTION TO STRIKE.

In the Motion to Strike, the Defendants asks the Court to "strike or dismiss" the Complaint "[p]ursuant to Rule 12(b)(1) or, in the alternative, 12(b)(6) of the Federal Rules of Civil Procedure."  Motion to Strike at 1.  According to the Defendants, the Final Judgment means that the Court lacks jurisdiction to consider any matter besides a motion to set aside the Final Judgment.  See Motion to Strike at 5.  Alternatively, the Defendants contend that the Court cannot grant relief that the Complaint requests so long as the Final Judgment precludes any proceedings besides motions to set aside the Final Judgment.  See Motion to Strike at 4.  The Plaintiffs disagree, arguing that the Final Judgment resolved the named Plaintiffs' claims, but not the "nascent class interests."  Strike Motion Response at 4-5.  Thus, the Plaintiffs contend that they may pursue the class claims even without undoing the Final Judgment.  See Strike Motion Response at 5-6.

At the hearing, the Court stated that it did not see a problem with leaving the Complaint alone for now until the Court determines whether the Plaintiffs may proceed despite the Final Judgment.  See Tr. 4:24-5:12 (Court).  The Plaintiffs agreed with that approach.  See Tr. at 5:25-6:5 (Stanford)(stating that, if the Court is comfortable consolidating the cases and then "seeing how a rule 60 motion plays out, . . . we're perfectly fine with that approach").  When the Court stated that it would not require the Defendants to answer the Complaint unless and until the Court determines that the case is open, the Defendants also agreed with that approach.  See Tr. at 7:21-8:6 (Court, Stanford).

The Court thus will deny the Motion to Strike.  The Plaintiffs will make a rule 59 or a rule 60 motion to undo the Final Judgment, or convince the Court that it need not set the Final

Judgment aside to proceed on their claims.[12]  Filing a rule 12(b) motion to dismiss a complaint

tolls the time required for the defendant to answer the complaint.  See Marquez v. Cable One,

Inc., 463 F.3d 1118, 1120–21 (10th Cir. 2006)("[A] Rule 12(b)(6) dismissal motion . . . clearly

does toll the time to answer." (citing Fed. R. Civ. P. 12(a)(4)).  If the Court ultimately determines

that the Plaintiffs may proceed with their claims in this case, the Court will have an operative

Complaint on file and the Defendants can answer it or otherwise respond to it, and the time for

the Defendants to answer the Complaint will no longer be tolled.  If the Court determines that the

Plaintiffs cannot proceed on their claims, and if the Court does not allow the Plaintiffs to use this

case as a vehicle to litigate their claims, the Complaint will be of no effect.  The only prejudice

that the Defendants have expressed is that, if the Complaint remains on the docket, they do not

know whether to respond to it; the Court can solve that problem by saying that the Defendants do

not have to respond.  Accordingly, the Court will not require the Defendants to answer the

Complaint, but the Court will also not strike the Complaint.

**IT IS ORDERED** that: (i) Plaintiffs' Opposed Fed. R. Civ. P. 42(a)(1) & (a)(2) Motion

to Consolidate, filed October 19, 2017 (Doc. 178), is granted; and (ii) Defendants' Motion to

Strike or Dismiss Third Amended Complaint, filed November 1, 2017 (Doc. 180), is denied.

The Defendants need not respond to the Plaintiffs' Third Amended Representative and Class

Action Complaint for Damages for Violations of New Mexico Minimum Wage Act and New

Mexico Common Law, filed October 4, 2017 (Doc. 177), without further notice.

---

[12]As the Court indicated at the hearing, see Tr. at 3:25-4:10 (Court), the Court expects that the Plaintiffs will have to make a rule 59 or a rule 60(b) motion to set aside the Final Judgment before the Court may soundly allow their claims to proceed in this case, but the Court is, of course, willing to hear arguments to the contrary, along with any rule 59 or rule 60(b) arguments the Plaintiffs wish to make.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Christopher M. Moody
Repps D. Stanford
Alice Kilborn
Moody & Warner, P.C.
Albuquerque, New Mexico

    *Attorneys for the Plaintiffs*

Charles J. Vigil
Jeffrey L. Lowry
Melanie B. Stambaugh
Rodey, Dickason, Sloan, Akin
  & Robb, P.A.
Albuquerque, New Mexico

    *Attorneys for the Defendants*